BASKERVILLE, Appellant, v. CULVER et al., Respondents.

(146 N. W. 595.)

1. **Contract—Guaranty—Limit of Liability—"Reasonable Orders."**
Plaintiff's contract with C. being only for filling his "reasonable orders" for such merchandise, which it was understood was to be peddled by him in a small wagon from house to house in the immediate neighborhood of his home town, held, that defendant's guaranty of payment by C. is only of an indebtedness for orders reasonable in amount.

2. **Guaranty—Limit of Liability—Evidence of Surrounding Circumstances and Probable Orders.**
On the question of what is a "reasonable order" for merchandise, within defendants' guaranty of payment of C.'s indebtedness for "reasonable orders" thereof, to be filled for him by plaintiff, all facts, circumstances, and conditions surrounding C.'s business, as they appeared and were known by defendants and plaintiff, including any conversation as to amount, or probable amount, of orders, are admissible.

3. **Fraud—Orders for Merchandise—Excessive Orders—Question for Jury.**
Whether, plaintiff having contracted with C. to fill his "reasonable orders" for merchandise, and defendants having guaranteed payment by C., the filling by plaintiff of an order of C. far in excess of a reasonable order, in the light of facts and circumstances known to the parties when the contract was made, was fraudulent as to defendants guarantors, is a question for the jury.

(Opinion filed March 21, 1914.)

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD, Judge.

Action by M. R. Baskerville against Mattie Culver, administratrix of B. L. Culver, deceased, and others, to recover

upon a guaranty contract. From a judgment for defendants, other than defendant administratrix, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Loucks, Mather & Stover,* and *J. G. McFarland,* for Appellant.

Oral testimony is not admissible to show an agreement with a surety independent of the contract. Anderson v. Matheny, (S. D.) 95 N. W. R. 911.

The claim made by the defendant of a limit of liability to the sum of twenty-five dollars is untenable, and particularly in view of the fact that these men were men of more than ordinary intelligence.

*Frank Turner, Hanten & Hanten,* and *Perrett F. Gault,* for Respondent.

Fraud is a question of fact for a jury; as to matters of evidence. C. C. §1203; Bank of Spearfish v. Graham, 16 S. D. 49; Winter v. Johnson, 131 N. W. 1020 (S. D.)

A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates. Civ. Code, sec. 1256; Sioux Remedy Co. v. Lindgren, 27 S. D. 123.

On the issue of fraud, great latitude is permitted in the introduction of evidence, and the whole transaction, including statements and acts of the parties before and after its completion, may be considered. Osborne v. Stringham, 1 S. D. 406; First Nat. Bank v. Harvey, 137 N. W. 365; also see: Rochford v. Barrett, 22 S. D. 83; Rectenburgh v. N. W. Port Huron Co., 22 S. D. 410; Gasser v. Wall, 131 N. W. 850.

POLLEY, J. This action grows out of a contract entered into between the Blue Bell Medicine Company, on one part, and one Culver, on the other part, and the respondents as guarantors for said Culver. The principal contract was in writing, and provided for the sale of certain goods and merchandise from the said company to Culver. It was signed by Culver, at Seneca, on the 13th day of August, 1909, and the guaranty contract was signed on the same day by respondents. On the same day, and immediately after the guaranty was signed by respondents, but without their knowledge, Culver gave to the agent of the company an order, under the provisions of the

said contract, for a bill of goods, amounting in value to more than $2,000 at wholesale, and to more than $4,000 at the retail price fixed by the company. The goods were shipped according to the order, but no part of the purchase price was ever paid, and plaintiff purchased the account from the receiver of the medicine company. The respondents, in their answer, admit the signing of the guaranty agreement, but allege that they signed it upon the express promise and agreement, made orally by the agent of the company, that goods in excess of $25 should not be delivered to Culver under the contract, and that their liability on the guaranty should not exceed that amount; and allege that the sale of goods to Culver in excess of $25 worth was fraudulent as to these respondents, and for the purpose of creating liability against them far in excess of the amount contemplated by them when they signed the guaranty. The guaranty agreement itself contained no limitation upon the amount of goods that might be sold to Culver, or the amount for which respondents might become liable; and, so far as the terms of the written guaranty were concerned, the medicine company could just as well have shipped 10 or 20, or even 100, times as many goods to Culver as it did ship, and still respondents would have been liable for them all. At the trial respondents were allowed, over appellant's objection, to prove the agreement alleged to have been made by the agent of the medicine company, that the liability of respondents on the guaranty should not exceed $25; and that they would not have signed it except for such agreement. These rulings, together with others upon the admission and rejection of testimony, as well as in the giving and refusing of certain instructions to the jury, are assigned as error. Whether or not any of these rulings are erroneous is immaterial, unless it appears that appellant has been prejudiced thereby, and, in the view we take of the case, we are of the opinion that no such prejudice has been shown.

[1, 2] This contract, as all others, must be construed as a whole, and in the light of the conditions and circumstances surrounding the parties at the time the contract was entered into. The contract between Culver and the medicine company in express terms required the company to fill Culver's "reasonable orders" for merchandise. Clearly this provision was intended to,

and did, limit the right of Culver to create an indebtedness for orders reasonable in amount only. The contract of guaranty made by the respondents was merely collateral to the contract between Culver and the medicine company, and the extent of the liability of the guarantors must be measured solely by the terms and conditions of the contract between Culver and the medicine company. To permit the medicine company to remove entirely the limitation of responsibility in the amount of the order, and to fill orders not reasonable would constitute a fraud on the part of the guarantors. The contract of guaranty was only to be the amount of Culver's "reasonable orders," if Culver himself failed to pay. In determining the extent of the liability of the guarantors, it would first become a question for the jury, under proper instructions, to ascertain and determine what would constitute a "reasonable order." In determining this issue, it was clearly competent to show, by oral or other evidence, all the facts, circumstances, and conditions surrounding the business in which Culver was engaged, as the same appeared and were known by respondents and the medicine company at the time the order was given. Any conversation relating to the amount, or probable amount, of orders would be competent evidence bearing upon the question of reasonableness of an order ;and, for that reason, the trial court did not err in receiving such evidence. The articles to be sold Culver, under the contract, consisted of proprietary medicines and veterinary supplies that were to be peddled by him from a small wagon provided for that purpose, from house to house, in territory immediately tributary to Seneca. One of these wagons was there present when the contract was signed, and there was sufficient competent evidence, if believed by the jury, to warrant the finding that it was the understanding of the respondents that the "reasonable order" to be filled would not be more than for goods enough to fill this wagon; that only such amounts should be shipped to appellant; and that the agent who secured the signature of respondents knew that this was their understanding. A list of the goods shipped is contained in the record, and from this it appears that there was a sufficient quantity to have filled this wagon many times, and a quantity vastly in excess of that in contemplation of the respondents when they signed the contract. From

these facts, the jury would have been warranted in finding that this was not a reasonable order, but was unreasonable in the extreme, and far beyond anything the respondents ever intended to become liable for.

[3] It is claimed by the respondents that, when the company, in full possession of the above facts, filled this excessive order for Culver, it attempted to perpetrate a fraud upon them, and that therefore they never became liable. Whether or not this conduct of the company was fraudulent as to respondents was clearly a question of fact to be decided by the jury. This issue was, under proper instructions by the court, submitted to the jury, and the verdict was for the respondents. There was sufficient competent evidence to support this verdict, and, the instructions of the court being proper, the verdict of the jury is final.

Since this case has been submitted, the case of Baskerville v. Bates, where a contract identical in form with the one involved in this case was construed by the Supreme Court of Minnesota (143 N. W. 909.). We agree with the conclusions reached in that case, but the pleadings in this case are not so framed as to present the precise issues that were passed upon by that court.

No prejudicial error appearing upon the record, the judgment and order appealed from are affirmed.