DAVIS et al., Appellants, v. WOOLSEY et al., Respondents.

(147 N. W. 977.)

1. **Agency—Agency for Sales—Proceeds of Sales—Liability—Guaranty.**

A contract between a medicine company and an individual, requiring the company to ship proprietary medicines to the individual for retail sales, and which binds him to sell at prices fixed by the company, and to remit each week one-half of receipts of the business and submit weekly reports of the business, and on termination of the contract settle in cash for balance due the company, is not a contract of sale, but is an agency contract, and the individual paying the half of such receipts is not, nor are his guarantors, liable for the value of the goods in his possession at termination of contract. Reaffirming Baskerville v. Culver, 146 N. W. 595.

2. **Appeal—Harmless Error—Review—Trial on Erroneous Theory —Immaterial Assignments of Error.**

Where a proper judgment was rendered, though the case was tried on an erroneous theory, assignments of error predicated on such theory are immaterial.

(Opinion filed July 6, 1914.)

Appeal from Circuit Court, Codington County. Hon. CHAS. X. SEWARD, Judge.

Action by Thomas H. Davis, as receiver of the Blue Bell Medicine Company, against Harry Woolsey and others, to recover

upon an agency sale contract. From a judgment for defendants, plaintiff appeals. Affirmed.

*Loucks, Mather & Stover,* and *J. G. McFarland,* for Appellant.

*Hanten & Hanten,* and *Perrett F. Gault,* for Respondents Woolsey and another.

POLLEY, J. Plaintiff and appellant in this action is the Receiver of the Blue Bell Medicine Company, and the action grows out of a contract entered into between said company and one Harry Woolsey, with these respondents as guarantors for said Woolsey. By the terms of the contract, the company was to, and did, ship to said Woolsey, to be sold at retail by him, certain stock foods and proprietary medicines. He agreed to sell no other goods than those shipped by the company, to sell said goods at retail prices fixed by the company, and to engage in no other business or employment. By the terms of the contract, Woolsey further agreed, in payment for said goods, to remit to the company each week an amount equal to one-half of the receipts of the business and to submit weekly reports to the company of the business done. He also agreed that, upon the termination of the contract, he would settle in cash within a reasonable time for the balance due the company on account. The company, on its part, agreed to fill Woolsey's reasonable orders at current wholesale prices so long as his account was in a satisfactory condition, and to furnish him, free of charge, certain advertising matter, stationery, advice and instructions upon the best method of selling said goods; but the contract nowhere provides for the passing of the title to said goods from the company to said Woolsey nor that he should be liable to the company beyond one-half of the receipts for goods sold.

No complaint is made that Woolsey did not remit the one-half of the receipts for all goods sold by him, but the action is brought to recover some $2,000 for goods shipped by the company to Woolsey, but which do not appear to have been sold by him. Woolsey made no defense, but the guarantors (who are the respondents here) answered and the case was tried to a jury; verdict and judgment were for defendants, and plaintiff appeals. Appellant assigns a hundred errors alleged to have been committed by the trial court, all of which are argued by him in his brief. These

assignments have all been examined and considered by the court, but no prejudicial error appears, and said assignments need not be discussed in detail.

[1] It is alleged in the complaint that, within a few days after the signing of the contract, the company sold and delivered to the said Woolsey, at his special instance and request, goods, wares and merchandise to the value of more than $2,000. This, however, was not done pursuant to any provision of the contract. The contract provides that the company shall ship him goods to be sold by him and paid for from the proceeds of such sale, but makes no provision for selling him any goods, nor does it make him liable for anything beyond half the proceeds of goods he had sold, and he could not be indebted to the company on account, under the terms of the contract, for more than that amount. There is no claim that he did not properly remit one-half the proceeds of all goods sold by him, and, when he did this, he had paid all that was due on his account. This is all respondents undertook that he would do, and, when this was done, their liability was at an end.

It is claimed by appellant that the contract with Woolsey was terminated by the company pursuant to a clause therein, and that, upon such termination, both Woolsey and respondents became liable for the value of all goods that had been shipped to Woolsey and not yet paid for. The clause in question will bear no such construction. It provides only that Woolsey should settle in cash for the balance due the company on account. But the amount due, as we have seen, was to be one-half the receipts for goods actually sold, and, this having been paid, there was no further liability on the part of the guarantors.

The Supreme Court of Minnesota, in construing a contract of this same company and similar to the one involved in this case, held the contract to be in the nature of an agency contract rather than one of absolute sale: Baskerville v. Bates, 143 N. W. 909. This conclusion was concurred in by this court in Baskerville v. Culver, et al., 146 N. W. 595, and we now re-affirm the same.

[2] This case was tried upon the theory that the contract between the company and Woolsey was a sales contract. The errors assigned are predicated upon this theory of the case; but, in view of our holding in these cases, these assignments become immater-

ial; because, upon the admitted facts, no different judgment could result upon a new trial.

The judgment and order appealed from are affirmed.