BASKERVILLE, Respondent, v. HUGHES COUNTY CO-OPERATIVE STORE et al. (L. Osterkamp, Appellant).

(151 N. W. 41.)

(File No. 3604. Opinion filed February 13, 1915.)

1. **Contracts—Cancellation of Promissory Note, Consideration For—Failure of Consideration.**

Where a note, paid by a third person and assigned to him for surrender to the makers in consideration of his executing to such assignee an assignment of fire policies after a loss, which assignment of policies was set aside by a bankruptcy court as having been made after an act of bankruptcy, **held**,

that the consideration for said assignment of policies failed, and such third person had a right of action against the makers upon the note.

**2.    Appeals—Error—Evidence, Sufficiency of—Directing Verdict— Instructions—Harmless Error—Instructions.**

Where the evidence is such that the trial court should have directed a verdict for plaintiff, defendant was not prejudiced by instructions given and complained of.

Appeal from Circuit Court, Hughes County. Hon. JOHN F. HUGHES, Judge.

Action by M. R. Baskerville against the Hughes County Co-Operative Store and others, to recover a balance due upon a promissory note. From a judgment for plaintiff, and from an order denying a new trial, defendant, L. Osterkamp, appeals. Affirmed.

*Gaffy, Stephens & Fuller,* for Appellant.

*McFarland & Johnson,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Randolph & Randolph v. Scruggs, 190 U. S. 553, 47 L. Ed. 1165.

Respondent submitted that: Plaintiff was entitled to a directed verdict; there was no consideration for the alleged agreement. Hurd v. Bickford, 35 Am. St. Rep. 356-357.

(2) Under point two of the opinion, Respondent cited: Rule 21, Supreme Court; Code Civ. Proc., Sec. 257; Mosteller v. Holborn, (S. D.) 108 N. W. 13; Davis v. Woolsey et al., (S. D.) 147 N. W. 977.

POLLEY, J. This is an appeal by the defendant Osterkamp from a judgment on a promissory note. The note in question was for $3,467 payable on the 20th day of September, 1910, to the Hughes County Bank, and was executed by the defendant Hughes County Co-operative Store, a corporation, L. Osterkamp, and J. G. Lockhart. On the 7th day of November, 1910, the stock and fixtures of the defendant store company were destroyed by fire. Immediately thereafter the bank commenced suit on said note and garnisheed the proceeds of certain fire insurance on said stock and fixtures, amounting to $7,000. At the time of the fire the store company was indebted to a mercantile company, of which plaintiff is an officer, to the extent of $2,400. Shortly after the fire, plaintiff was endeavoring to collect said account, and requested an assignment of said fire insurance. The garnishment proceedings

were considered an obstacle in the way of such assignment, and, to remove the same, respondent went to the bank and personally paid the bank the full amount then due on the note, and took an assignment thereof from the bank to himself. Defendants then executed and delivered to said mercantile company two instruments, purporting to assign to said company $6,000 of said insurance. The policies were not at hand when this transaction occurred, and were not then, nor ever afterward, delivered to said mercantile company; neither was the note surrendered to appellant. Shortly after said assignments were made the defendant store company was adjudged a bankrupt, and the insurance policies covered by such assignments were delivered to the trustee in bankruptcy. The said assignments to respondent were set aside by the federal court, and the insurance money collected by the trustee in bankruptcy and distributed by him as a part of the bankrupt estate. The note in question was allowed by said trustee in bankruptcy as a claim against said bankrupt estate, dividends to the amount of $1,200 were paid thereon, and respondent had judgment against appellant, as a joint maker of the note, for the balance.

No exceptions are taken to the admission or rejection of evidence, nor to the sufficiency of the evidence to support the verdict; but it is strenuously contended by appellant that the trial court committed numerous errors in its instructions to the jury. It is the claim of appellant that, at the time the insurance was assigned to respondent, a contract was entered into by the appellant and respondent, wherein the respondent agreed that, in cosideration for the assignment of said insurance, he would pay off the indebtedness at the bank, return the note to appellant, and satisfy the claim of respondent's company against the store company; and, having executed and delivered such assignments, there is no further liability as against appellant or the store company. The making of any such contract is positively denied by respondent, and the issues so joined were submitted to the jury. The jury found against appellant, but it is claimed by him that the court's instructions to the jury were unfair to appellant, and were so framed as to amount to a directed verdict for respondent, and appellant excepted to such instructions on that ground.

At the outset we are met by the contention of respondent that said exceptions are not entitled to consideration: First, be-

cause the same were not filed within the time allowed for that purpose by statute, or the rules of court; and, second, that respondent was entitled to a directed verdict on all of the evidence, and that therefore appellant was not prejudiced by the instructions, however erroneous they may have been. In this latter contention we believe respondent is right. If appellant is correct in his version of the contract between him and respondent, the only consideration that appellant gave for the account of the mercantile company, amounting to nearly $2,500, and for the note amounting to approximately $3,500, was the purported assignment of $6,000 of the insurance money. This assignment, however, it will be remembered, was set aside by the federal court because of the insolvent and bankrupt condition of the store company; and thus the only consideration purporting to have passed to respondent in satisfaction of the said two claims, aggregating nearly $6,000, utterly failed.

[1] The consideration for the note having failed, and it not yet having been surrendered to appellant nor canceled, it still belonged to respondent, and respondent was entitled to recover thereon. Certainly appellant cannot come into court and claim that he is entitled to the note, and at the same time admit that he had given nothing of value therefor.

[2] The court should have directed a verdict for respondent, and appellant was not prejudiced by the instructions given. Davis v. Woolsey, 147 N. W. 977; Kime v. Bank of Edgemont, 22 S. D. 630, 119 N. W. 1003; Ewing v. Lunn, 22 S. D. 95, 115 N. W. 527; Stegner v. Modern Brotherhood of America, 24 S. D. 371, 123 N. W. 842.

The judgment and order appealed from are affirmed.