JOHN A. TOLMAN CO. v. BOWERMAN *et al.*

1. A rehearing will not ordinarily be granted by this court upon questions not discussed by the counsel in their briefs, or which are not presented by the assignment of errors.

(Syllabus by the Court.  Opinion filed Nov. 3, 1894.)

Appeal from circuit court, Minnehaha county. HON. FRANK R. AIKENS, Judge.

This case was first decided by this court in an opinion filed April 3, 1894, reported in 5 S. D.—58 N. W. 568, in which opinion the judgment of the trial court in favor of the plaintiff was

affirmed. Appellants applied for a rehearing which in this opinion is denied.

*Henry Robertson* and *Joe Kirby*, for appellants.

*Boyce & Boyce*, for respondent.

CORSON, P. J.    This case was decided at the April term of this court, and is reported in 58 N. W. 568. Counsel for appellants have filed a petition for a rehearing, in which they contend that the court, in its decision, erred in holding that the stipulation in the contract upon which the action was based, which reads as follows: "I hereby waive notice of the acceptance of this guaranty by John A. Tolman Company, and to accept a verified statement of the accounts as kept in the regular books of John A. Tolman Company as correct and final between the said company and the said George A. Williard" (for whom the guaranty was given),—was a valid and binding stipulation. The validity of this stipulation was not questioned or discussed in appellants' brief, and there is no assignment of error in the abstract that presents the question as to the validity of this stipulation; and hence it was assumed in the opinion that its validity was conceded, or at least not questioned, by appellants' counsel. And we may here add that it does not appear from the abstract that the validity of the stipulation was in any manner challenged or questioned on the trial in the court below. A rehearing would not, therefore ordinarily be granted, even if we had doubts as to the validity and binding force of this stipulation. But while this court is not required to examine the authorities cited by counsel upon this question, we have nevertheless given them such examination as our time would permit, and have arrived at the conclusion that they are not applicable to the contract involved in this action. The stipulation in the contract before us comes, in our opinion, within the class of cases in which it is stipulated that certificates of engineers, architects, building committees, etc., are to be held conclusive as to the quality and quantity of work done,

material furnished, etc., or as to the quality of goods, wares, or merchandise sold, and is well illustrated by the following cases: Palmer v. Clark, 106 Mass. 373; Herrick v. Belknap, 27 Vt. 673; Butler v. Tucker, 24 Wend. 447; Dustan v. McAndrew, 44 N. Y. 72. In the latter case there was a stipulation that certain personal property contracted to be sold should be inspected by one of the vendors, and it was held valid, the court saying: "It is doubtless unusual to insert a stipulation in contracts that the vendor shall inspect the goods sold. But where parties agree to this they must be bound by their contract, and it must be construed the same as if some other person had been chosen inspector." It was, in our opinion, perfectly competent for the defendants to agree in advance as to what should constitute satisfactory and final proof of the accounts between the plaintiff and Williard, for whom the defendants were guarantors, and, having stipulated that a "verified statement of the accounts as kept in the regular books of the said John A. Tolman Company" should constitute such proof, we are unable to discover any valid reason why the defendants should not be bound by their contract, in the absence of any evidence of fraud or bad faith on the part of the Tolman Company, and none was shown or attempted to be shown in this case. We conclude, therefore, that there would have been no error on the part of the court in holding that the stipulation was valid and binding upon the parties had the question of its validity been directly involved in this appeal. The other question, as to the construction of the contract between the plaintiff and the defendants, with reference to the contract between plaintiff and George A. Williard, was fully considered and discussed by the court in its opinion, and we are satisfied with the conclusions there stated. Being of the opinion that the decision of the court is correct, the petition for a rehearing is denied.