## HENRY C. WESTBROOK and ETHEL M. WESTBROOK v. THOMAS A. RICE.

(148 N. W. 827.)

**Judgment — counsel — neglect and inadvertence — vacating judgment — discretion of court.**

1. The question of vacating a judgment entered through inadvertence or neglect of counsel is ordinarily largely within the discretion of the trial court.

Note.—It is generally held, contrary to the position apparently taken in the North Dakota cases, that the neglect of an attorney, not reaching the point of collusion or fraud, in permitting a judgment to be entered against his client, is the neglect of the client, and that such neglect cannot be successfully urged as a ground of relief. A full review of the authorities on this question will be found in a note in 27 L.R.A.(N.S.) 858.

**Judgment — application to vacate — before judge who did not try case — rule.**

2. When an application to vacate such judgment is not heard by the judge who tried the case and ordered judgment, but by another judge who knows nothing of the facts and circumstances not disclosed by the motion papers, and such papers are all before this court, the rule announced in ¶ 1 has but little force.

**Review of order — defense upon the merits — neglect of counsel.**

3. The court reviewing an order made on a motion to vacate a judgment on the ground of excusable neglect or inadvertence will determine whether, in the interests of justice and right and under a liberal construction of the statute, a defense upon the merits should be permitted, and if so found, the neglect of counsel will be excused when otherwise it would not be.

**Excusable neglect — circumstances of the case — attention to cause — terms of court.**

4. A lack of attention to the progress of the cause, or failure to attend the trial, which is excused or justified by the peculiar circumstances of the case, constitutes excusable neglect, and among the facts sometimes constituting excusable neglect is the well-founded belief that the case would not be reached for trial as quickly as it was in fact reached.

**Facts and circumstances — counsel — excusable neglect.**

5. The facts and circumstances surrounding entry of judgment in this case are examined in the opinion, and it is *held* that they show excusable neglect on the part of counsel for the defendant.

Opinion filed September 12, 1914.

Appeal from an order of the District Court of Sheridan County denying defendant's application to vacate a judgment. *Hon. W. H. Winchester*, J.

Reversed.

*J. E. Williams* and *F. E. McCurdy*, for appellant.

A default judgment should be set aside where the absence of the defendant and his counsel was caused by reliance upon a statement made by plaintiff's attorney, or by the clerk of court, that nothing would be done without notice. 23 Cyc. 932.

Excusable neglect means a lack of attention to the progress of the case or failure to attend the trial, which is excused or justified by the peculiar circumstances of the case. 23 Cyc. 935, 936; Pier v. Millerd, 63 Wis. 33, 22 N. W. 759; Douglas v. Badger State Mine, 41 Wash. 266, 4 L.R.A.(N.S.) 196, 83 Pac. 178.

· Courts are inclined to grant such relief, rather than deny it. The court has no discretion in a case where the moving party shows himself clearly entitled to such relief. 23 Cyc. 896, 897; Board of Education v. National Bank, 4 Kan. App. 438, 46 Pac. 36; Cavanaugh v. Toledo, W. & W. R. Co. 49 Ind. 149; Lawler v. Bashford-Burmister Co. 5 Ariz. 94, 46 Pac. 72; Hanthorn v. Oliver, 32 Or. 57, 67 Am. St. Rep. 518, 51 Pac. 440; Cloud v. Markle, 186 Pa. 614, 40 Atl. 811.

*Frank I. Temple,* for respondents.

The term of court was fixed, notice given, note of issue filed, and the cause noticed for trial. It was the duty of the defendant and his counsel to be on hand. Under these circumstances their neglect to do so was inexcusable. Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252; Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228; 23 Cyc. 930.

Attorney's negligence is imputable to his client. 23 Cyc. 939.

One who would open a default judgment must excuse his failure to appear, and must offer a good defense on the merits. Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; 23 Cyc. 930, note 32; Racine—Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228.

Such motion is addressed to the sound judicial discretion of the trial court. The mere fact that the appellate court does not entirely agree with the trial court does not show an abuse of discretion. Rosebud Lumber Co. v. Serr, 22 S. D. 389, 117 N. W. 1042; Meade County Bank v. Decker, 19 S. D. 128, 102 N. W. 597; Fargo v. Keeney, 11 N. D. 484, 92 N. W. 836; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 16, 84 N. W. 581; Griswold Linseed Oil Co. v. Lee, 1 S. D. 531, 36 Am. St. Rep. 761, 47 N. W. 955; Buell v. Emerich, 85 Cal. 116, 24 Pac. 644; Olson v. Sargent County, 15 N. D. 146, 107 N. W. 43; Weber v. Tschetter, 1 S. D. 205, 46 N. W. 201; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228; Cline v. Duffy, 20 N. D. 525, 129 N. W. 75.

SPALDING, Ch. J. This is an appeal from an order denying a motion to vacate a judgment. The action was brought to secure the discharge of a thousand dollar real estate mortgage. The defendant answered, ad-

mitting that he held the mortgage described, but alleged that he agreed to make a loan of that amount on plaintiff's real estate, and had advanced on such loan the sum of $453.05, and had at all times been ready and willing to advance the balance of the thousand dollars, but that there were liens against the security which would take priority over his mortgage, and that the plaintiffs had refused and neglected to pay the same, although they had agreed to furnish defendant with an abstract showing his mortgage to be a first lien.

From the affidavits it appears that the attorney for defendant resides at Turtle Lake, 22 miles from McClusky, the county seat of Sheridan county, while the attorney for plaintiff resides at McClusky. A term of court was fixed by law to be held in Sheridan county, commencing on the 15th day of October, 1912. Counsel for plaintiff on the 11th day of October, 1912, served notice of trial upon counsel for defendant, and at the proper time filed note of issue, and on the 11th day of October wrote defendant's attorney that in his opinion they would not have a term of court in October, but that he did not positively know, and because of that fact he had served the notice of trial, so in case court should convene the case could be brought on for final determination.

Court convened at the time set, and when the case was reached on the first day of the term, counsel for plaintiff stated to the court that counsel for defendant was not present and he did not wish to take a snap judgment. The court informed him that, inasmuch as notice of trial had been duly served and note of issue filed, defendant had ample notice, and judgment taken at such time would not be a snap judgment. Counsel for plaintiff then attempted to get defendant's counsel by telephone, but found that he was in the country, and could not be reached. A second attempt was made to reach him, but without success; and in the afternoon the court called the case for trial, and directed plaintiff to produce his witnesses, which he did, and this resulted in a judgment for plaintiff.

It is apparent that the failure to be present at the trial and participate therein was due to the oversight or inadvertence or neglect, or all of these, of defendant's attorney. Defendant himself is a nonresident of the state, and knew nothing about the proceedings, but left the matter with his attorney to attend to. We are aware that this court has repeatedly held, and we still hold, that the question of vacat-

ing a judgment is ordinarily largely within the discretion of the trial court, and that its exercise of such discretion will not be reversed, except in clear case of abuse; and here is a case where, through no fault of the defendant, he was unrepresented at the trial at which he had arranged to be represented, and the facts bring the case squarely within the rule announced in Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102, where we held that courts favor the trial of cases upon their merits, and where a trial court has refused to open a default and permit a defense to be made, the reviewing court will not only inquire as to whether the discretion of the trial court in denying the application has been soundly exercised, but will also examine the facts shown for the purpose of determining whether, in the interests of justice and right, and under a liberal construction of the statute, a defense upon the merits should be permitted, and that the neglect of counsel in matters necessary to the ordinary and orderly procedure in a case is a surprise to the party, within the meaning of the statute.

In the case at bar the answer states a good defense to a portion of the relief sought by the plaintiff, a defense which it would be unjust to preclude defendant from making if he can make it by compliance with the ordinary and orderly methods of procedure prescribed. Affidavits submitted on his behalf support a defense shadowed in the answer. We, however, do not need to rely upon the case of Citizens' Nat. Bank v. Branden, supra. We think the facts surrounding this case are such as to disclose excusable neglect. Sheridan county is a new county with but little litigation. The term of court at which this judgment was entered was one of the very first yet held in that county. It was held by the judge of the third judicial district, acting for the judge of the sixth district. Counsel for defendant made inquiry of the sheriff and of the state's attorney within four days prior to the date fixed for the term of court, and they had heard nothing about there being a term. His case was No. 15 on the calendar of causes, and naturally would not be reached the first day of the term. In fact, in most jurisdictions of this state courts try no cases on the first day, except such as may be set by stipulation of the parties or by order of the court, of which notice has been given in time to enable parties to be present with witnesses. Counsel for plaintiff did not move this case for trial. He hesitated

about entering upon the trial in the absence of the attorney for defendant, but the court called it for trial and directed counsel to produce his witnesses. In view of these and other facts disclosed by the record, we think the neglect or inadvertance of counsel was excusable. Excusable neglect is defined as a lack of attention to the progress of the cause or failure to attend the trial, which is excused or justified by the peculiar circumstances of the case. 23 Cy. 935. Among the instances of such neglect is the well-founded belief that the case would not be reached for trial as quickly as it was in fact reached. Cameron v. Carroll, 67 Cal. 500, 8 Pac. 45; Re Davis, 15 Mont. 347, 39 Pac. 292. While the rule is that applications of this kind are addressed to the sound discretion of the trial court, that rule has but little force in the case at bar, for the reason that the judge who passed upon the application to open the judgment was not the judge before whom the case was tried. This court has before it all the evidence of the facts and circumstances surrounding the trial that were before the judge who passed upon the motion to vacate and from whose order this appeal is taken. We think the record brings this case within the authorities above cited. The order of the District Court is reversed, but appellant, in lieu of terms which under the circumstances would ordinarily be imposed as a condition of vacating the judgment and permitting a trial, will pay all costs on this appeal for which he would have been liable, had the respondent prevailed.