## FARMERS' & MERCHANTS' BANK OF NEW SALEM v. E. H. MANN, M. A. Clark, and W. G. Clark.

(156 N. W. 535.)

**Default judgment — relief from — motion for — discretion — abuse of — appearance — failing to make — excusable neglect — defense.**

Following the rule announced in Westbrook v. Rice, 28 N. D. 324, *held*, under the facts, that it was an abuse of discretion to deny defendant's motion to be relieved from a default taken against him through his excusable neglect in failing to appear and interpose his defense at the time the issues were set for trial.

Opinion filed February 9, 1916.

Note.—For cases upon reliance upon receiving notice from opposing counsel as excuse for default, see note in 4 L.R.A.(N.S.) 196.

Appeal from the District Court of Morton County, S. L. *Nuchols,* J.

From an order denying defendant's motion to be relieved from a default, he appeals.

Reversed.

*W. H. Stutsman,* for appellant.

Excusable neglect in looking after his case, either by litigant or attorney, is a lack of attention to the progress of the cause, or failure to attend the trial, which is fully explained and justified by the peculiar circumstances of each case, and among the instances is the well-founded belief that the case would not be reached for trial as soon as it was. Westbrook v. Rice, 28 N. D. 324, 148 N. W. 827; Cameron v. Carroll, 67 Cal. 500, 8 Pac. 45; Re Davis, 15 Mont. 347, 39 Pac. 292; Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102.

*J. V. McCormick,* for respondent.

In entering default judgments, the action of the trial court will not be disturbed, if it appears to have been the result of appellant's carelessness or heedlessness, or lack of diligence in protecting his own interests. 23 Cyc. 894.

Laxity and negligence are not to be encouraged in the members of the bar or practicing attorneys. A misapprehension, which in truth is well justified, as to the status of a cause upon the trial calendar, may afford a good excuse for seeming negligence. But there is no such showing in this case. Westbrook v. Rice, 28 N. D. 324, 148 N. W. 827.

Fisk, Ch. J. This is an appeal from an order refusing to relieve defendant from a default. The cause was at issue in September, 1912, and was by plaintiff duly noticed for trial at the December, 1912, term of the district court of Morton county, but the same was not forced to trial at such term nor at any subsequent term by either party; but the same was continued over each term by consent, until it was reached in its regular order at the December, 1913, term, at which time, in the absence of counsel for either party, the same was set for trial as the 13th jury case. At the time the case was reached, defendant and his counsel were absent and a jury was impaneled, testimony submitted by plaintiff, and a verdict directed by the court in plaintiff's favor for

the full sum prayed for in the complaint, to wit, $1,339.09.    Pursuant thereto judgment was ordered accordingly.

Concededly, the answer sets forth a perfect defense on the merits, and the sole question for determination is whether the showing made on the motion to vacate the verdict and order for judgment was sufficient to excuse the default and entitle defendant to interpose his defense. In other words, did the trial court properly exercise a sound discretion in denying such relief?

In view of the fact that, aside from the usual affidavit of merits made by the defendant, the sole showing on the motion consisted of an affidavit of defendant's counsel, which stands wholly unchallenged, we deem it advisable to set out such affidavit in full.    Omitting formal parts, it reads:

"W. H. Stutsman, first being duly sworn, on his oath deposes and says: That the summons and complaint in the foregoing action were served upon the defendant, E. H. Mann, upon the 21st day of August, 1912, and the affiant was employed by said defendant to conduct the defense of said action; that affiant prepared and served upon the plaintiff an answer on behalf of said defendant upon the 19th day of September, 1912; that the cause of action set forth in said complaint was based upon three certain promissory notes executed and delivered by said Mann to his codefendant, M. A. Clark, and indorsed by said M. A. Clark and the other defendant, W. G. Clark, to the plaintiff; that said notes were given as part of the same transaction whereby M. A. Clark undertook to sell and this defendant undertook to buy certain land in Mercer county, North Dakota, and said notes represented the deferred payments upon said purchase and sale, but by reason of said M. A. Clark not having any title to the land involved and becoming unable to convey the same to this defendant, the consideration of said notes wholly failed and the defendant ceased to be liable thereon; that in said answer this defendant set out these facts and denied the allegation of the complaint that said notes were purchased by plaintiff for a valuable consideration, before maturity, and in due course of business, and alleged that plaintiff purchased said notes with full knowledge and notice that the same were not negotiable and that defendant might have a valid defense to the payment of the same, and that plaintiff purchased said notes subject to all the equities between this defendant and said

M. A. Clark, and subject to the defense above set out; that a copy of said answer is hereto attached and made a part hereof and marked exhibit "A," and affiant further states that if permitted to defend said action and try the same upon the merits, defendant will be abundantly able to prove said facts and to establish a complete defense to said cause of action.

"That neither of the other of the defendants were ever served with the summons herein, nor have they been brought into court in any way to determine their liability upon their indorsements upon said notes, but upon the 20th day of November, 1912, a trial notice was served upon this defendant alone, and the action was placed upon the trial calendar of this court, and the same has been upon the trial calendar of said court at each term of court thereafter, for trial against this defendant alone; that this defendant has been at all times ready and willing to try said action upon the merits, but as defendant resides at Hebron, some 60 miles distant from the county seat, and plaintiff and its counsel reside at New Salem, some 30 miles from the county seat of said county, neither of said parties prepared for trial upon a day certain, nor insisted that the other party should be ready to take up the trial at the time the case should be reached in its regular turn or at any particular time, and so at each term of court the case went over till the next term by mutual consent; that at the next last preceding term of court said case was about to come on for trial at its regular turn, and affiant, who resides at the county seat, was ready and willing to take up said trial, but would have to notify defendant his client at Hebron a day or so before the trial, and asked Mr. George M. Kremer, counsel for plaintiff, whether he would insist upon trying said case, but Mr. Kremer replied that he would be unable to try said case at that time as he would have to take the deposition of a witness in a foreign state, and so, by consent, the case went over the term again; but from the remark made by Mr. Kremer, affiant was misled into believing that said case would not be tried until the deposition referred to had been taken, and as no step was ever taken by Mr. Kremer to take said deposition prior to the December, 1913, term of court, this affiant rested secure in the feeling that it was Mr. Kremer's 'next move' and that the trial of the action on the part of plaintiff would not be moved until after this deposition was taken.

"That the December, 1913, term of court convened on December 1st, and an informal call of the calendar was had, and in the absence of counsel on both sides said case was set for the 13th jury trial; that affiant was called by important legal business to the city of Fargo, on November 28th, and was unable to complete the same and return to the city of Mandan until the night of December 1st, and hence was not able to be present at the opening of court and the call of the calendar, but, upon the morning of the 2d day of December, affiant went to the court room of this court, and, borrowing the calendar of the judge hereof, attempted to mark up in his own calendar the cases set for trial, but by some oversight, which he cannot explain further than that he copied the entries out of the judge's calendar without noticing carefully the names of the cases, affiant failed to discover that the action here involved was marked as for the 13th jury trial, or at all.

"That this affiant is a state official of the state of North Dakota, being a member of the board of railroad commissioners, and as such official it is often necessary for him to be absent from his law offices for several days at a time, but affiant always makes it a point to arrange for the postponement of such matters as are likely to be reached or tried during such absences, and has never before found it difficult to so arrange his legal business as to accommodate it to his official duties; that as such official, affiant is a member of a committee of railroad commissioners of the various states upon express rates and express service, and in the performance of his said duties it was necessary for him to be in the city of Chicago, during the week of December 8th to December 15th, 1913, in attendance upon a meeting of said committee, and prior to his departure for said meeting he arranged with counsel in those cases he thought likely to be tried during said week for the postponement thereof until his return, but affiant, having entirely overlooked the fact that this case had been placed upon the list of cases for trial, in fact, being ignorant of such fact, or even that the same had been set for trial before a jury, neglected to make any arrangement for the postponement of said case, and left town in entire ignorance that there was any danger or likelihood of said case being reached for trial during his absence.

"That during his absence in Chicago, and during said week, said action was placed upon the peremptory call and was reached for trial

before affiant returned home, and without his having any knowledge thereof, and plaintiff procured an order for judgment against this defendant as upon a default, for the full amount of said notes, in the sum of $1,300; that there were twelve jury cases set for trial ahead of the case of defendant, and if any considerable number thereof had been tried, the case of defendant would not have been reached till after affiant's return, but most of said cases were settled, continued, or otherwise disposed of without trial, so that the case of defendant was reached much sooner than it otherwise would have been; that affiant was unaware of such action of plaintiff until the 17th day of December, when he accidentally learned that judgment had been entered, and he immediately wrote to Mr. G. M. Kremer, at New Salem, asking that he consent to the reopening of said case, and upon the receipt of his refusal to consent thereto, December 23d, he at once commenced this proceeding.

"Affiant further states that at the informal call of the calendar, December 1st, 67 cases were set for trial before the jury, and said cases are still being tried, and there are still enough untried cases set ahead to keep the jury busy for the next two weeks, so that if said order for judgment should be reopened and the case again set for trial the same can be tried at this term of court, before a jury, without loss of time to the plaintiff, and the defendant will be ready to try the same.

"Affiant further states that by reason of the foregoing facts the order for default judgment taken against the defendant was taken through his mistake, inadvertence, surprise, and excusable neglect.

"Wherefore defendant prays that said order for judgment be set aside and reopened, and that this defendant be permitted to make his defense to the cause of action set up in the complaint.

                              "(Signed)    W. H. Stutsman."


We are agreed that the learned trial court abused his discretion in denying the motion. Such motion was promptly made, and it appears from the above affidavit that there was no reason why the case could not have been tried at the same term at which such default was taken, without any great inconvenience either to the court or to plaintiff and his counsel. There is nothing in the record from which bad faith in any respect can be imputed either to defendant or his counsel. The law, of course, favors a trial on the merits where this can be accom-

plished without injustice to the opposite party. Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102; Westbrook v. Rice, 28 N. D. 324, 148 N. W. 827. Much that is said in the opinion in the latter case is strikingly applicable to the case at bar, and we adopt the reasoning and conclusions there announced as controlling on this appeal. Defendant's counsel had good reason to believe that the case would not be forced to trial. It had been continued over several terms by consent, and plaintiff's counsel had stated that he could not go to trial without first procuring the deposition of a necessary witness. In the light of all the facts as disclosed in the above affidavit, we think the default was clearly excusable, and hence it was an abuse of discretion to deny the motion. In view of the fact that, as a condition to the granting of such motion, terms might properly have been imposed to cover the additional costs which plaintiff would be obliged to incur, we have concluded to allow appellant no costs on this appeal. The judgment which has been entered will also be allowed to stand as security for any recovery which plaintiff may finally obtain. Order reversed.