OSCAR PETERSON and Hans Peterson, Copartners, Appellants, v. PHIL FINNEGAN, Respondent.

(176 N. W. 734.)

**Judges — power of judges sitting in other districts.**

1. Judge Buttz of the then second judicial district, by written request, called Judge Cooley of the then first judicial district to preside at a special term of court, in the second judicial district, at which the case in question was tried by the plaintiffs, the defendant making no appearance. A judgment was entered for the plaintiffs. Subsequently, defendant made a motion to vacate and set aside the judgment, on the ground of inadvertence and excusable neglect, and noticed it to be heard before Judge Cooley, at Grand Forks, in the first judicial district. *Held*, in these circumstances, that Judge Cooley had jurisdiction to hear and determine such motion.

**Judgment — vacation of judgment on grounds of inadvertence and excusable neglect of counsel.**

2. The court did not abuse its discretion in ordering the vacation of the judgment.

Opinion filed February 9, 1920.

Appeal from an order vacating a judgment.

Order affirmed.

*Paul Campbell,* for appellants.

*Cuthbert & Smythe* and *D. J. McLennan,* for respondent.

The trial court was without jurisdiction to amend an order appealed from after the statutory period for appeal had expired.    Milder v. Thompson, 31 N. D. 147.

The discretionary power vested in courts to relieve litigants from default should be liberally exercised in the furtherance of justice. Bucknell v. Archer, 29 S. D. 22, 135 N. W. 675; Montija v. Sherer, 5 Cal. App. 736, 91 Pac. 261; Griswold Linseed Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955; Rosebud Lumber Co. v. Serr, 22 S. D. 389, 117 N. W. 1042.

Excusable neglect means a lack of attention to the progress of the case, or failure to attend the trial, which is excused or justified by the peculiar circumstances of the case.    23 Cyc. 935, 936; Pier v. Millerd, 63 Wis. 33, 22 N. W. 759; Douglas v. Badger State Mine, 41 Wash. 266, 4 L.R.A.(N.S.) 196, 83 Pac. 178.

The court has no discretion in a case where the moving party shows himself clearly entitled to the relief.    33 Cyc. 896; Board of Education v. Nat. Bank, 4 Kan. App. 438, 46 Pac. 36; Cavanaugh v. Toledo, W. & W. R. Co. 49 Ind. 149; Lawler v. Washford-Burmister Co. 5 Ariz. 94, 46 Pac. 72; Hawthorne v. Oliver, 32 Or. 57, 67 Am. St. Rep. 518, 51 Pac. 440; Cloud v. Markle, 186 Pac. 614.


GRACE, J.    This is an appeal from an order vacating a judgment entered in favor of plaintiffs.

The action was commenced in September, 1917, to recover the sum of $85, which plaintiffs claimed to be due them for drilling a well for the defendant upon his farm, the northeast quarter of Section 14, Township 159, Range 72, Rolette county, North Dakota; and, further, to foreclose a certain mechanic's lien filed against the premises to secure said sum.

The defendant interposed an answer, which placed in issue every material allegation of the complaint.    The answer sets forth a warranty, to the effect that the plaintiffs agreed to construct a well for

defendant, which would supply a sufficient amount of water for the stock owned by the defendant, which they wholly failed to do.

The defendant agreed to pay for the materials necessary to build the curb of the well, and to pay the plaintiffs the sum of $1 per foot, in case they procured a well for defendant, which would supply the quantity of water agreed upon; and that, if plaintiffs failed to supply the necessary and sufficient water, or, in the event that no water was obtained, the defendant was to pay the sum of 25 cents per foot for each foot, in depth, of the well.

There is other matter in defense set up in the answer, including a general denial. The answer also shows that defendant offered to pay the plaintiffs at the rate of 25 cents per foot for each foot, in depth, of the well, which amounted to $21.25, by offering a money judgment only in that amount, together with the costs of the action up to the time of the service of the amended answer.

No demurrer was interposed to the answer, and for the purpose of considering the merits of the order vacating the judgment, such answer must be taken as stating a good defense.

The cause was upon the calendar of the district court of Rolette county, for the regular June, 1918, term. At the time of the inception of the case, one D. J. McClennan of Rolette, Rolette county, North Dakota, was acting as defendant's attorney, and interposed an answer in said cause for him.

Just prior to the June, 1918, term of the district court, the defendant retained one F. T. Cuthbert of the law firm of Cuthbert & Smythe of Devils Lake, to try the case for him, and to take charge of the litigation.

On about the 13th of June, 1918, Mr. Cuthbert prepared and served an amended answer upon Paul Campbell, the attorney for plaintiffs, and notified him that he would ask leave of the court, on the opening day of the June, 1918, term, for permission to file the same.

We think, from what appears in the record, the case was properly on the calendar for trial at that term. It also appears that plaintiffs' attorney was endeavoring to get the case tried at that time, and asked the court to set the trial for a day certain. This the court did not do; it was not obliged to do so, and the case was not called for trial at that term. It seems that term of court was adjourned, and the court, upon the consent of defendant's counsel, continued the case.

It appears that a special term of the district court of Rolette county was ordered by Judge Buttz, which convened sometime in February, 1919. This case was set for trial on the 24th of that month. Notices of this term were sent to McClennan and Cuthbert & Smythe, defendant's attorneys, and Paul Campbell, attorney for the plaintiffs.

It appears that Mr. Cuthbert, who was acting with McClennan for the defendant, had, since the prior term of court, discontinued business in the state of North Dakota, and had removed to the city of Duluth, Minnesota, apparently leaving some of his legal business in care of his partner, Mr. Smythe.

It appears that Mr. Smythe was not familiar with Mr. Cuthbert's connection with this case, and that, while he had two other cases in the February term of court, he had arranged for a continuance of them. He claims not to have known of this particular case, and that, by inadvertence, it was entirely overlooked. Neither Mr. Cuthbert nor Mr. Smythe attended the term.

It does not appear, however, that McClennan had severed his connection from the case, either voluntarily or by the wish of his client, though we would infer from the record that it was the desire of the defendant that Mr. Cuthbert should try the case.

There is nothing to show but what Mr. McClennan was present at the term of court in question, though it does appear he received notice that the case was on for trial at that term. It appears that Judge Buttz, for some reason, was temporarily called away from his duties. In writing, he requested Charles F. Cooley, judge of the then first judicial district, to sit in his place and preside at the term then in session; and Judge Cooley did so.

This case was called for trial, and plaintiffs produced their witnesses; their testimony was taken in the regular and ordinary way, and plaintiffs had judgment, as prayed for in their complaint, and as shown by the judgment.

Later, the defendant made a motion to vacate the judgment. It was returnable before Charles F. Cooley, judge, at Grand Forks, North Dakota. It was supported by the affidavit of Mr. Smythe, C. W. Buttz, presiding judge for the then second judicial district, the affidavit of D. J. McClennan, and F. T. Cuthbert. It was also made upon all the records and files of the case. The affidavits supporting it did

not set forth the facts upon which the defense was really based, but merely claimed that the defendant had a meritorious defense, and, in addition to this, set forth the circumstances showing inadvertence, which they claimed to be the cause of their failure to attend at the trial.

This is not the ordinary case of default, where judgment is taken without the defendant having made an appearance, and without the interposition of an answer, but one where the issues were joined. The matter comprising the defense had been set up in the answer, and, for the purposes of this appeal, must be considered as constituting a good defense. In such case, it is not necessary to set forth in the affidavit the merits of the defense, but only such facts as are relied upon to excuse the inadvertence or mistake relied upon to excuse the default.

In a case where there is no appearance and no answer, and judgment is taken by default, a party applying for vacation of the judgment must make an affidavit of merits, and tender an answer. In this case, the answer had been served and disclosed a meritorious defense; clearly, the only thing necessary to set up in the affidavit was as we have above stated.

It is also claimed that Judge Cooley had no jurisdiction to hear and decide a motion to vacate the judgment, while within his own district, where he maintained the chambers of his court, and having completed the term for Judge Buttz in Rolette county, which included the trial of this case, and the entry of judgment therein.

Under the written request, Judge Cooley did have jurisdiction to try the case in question, and did dispose of it, in the manner above stated; and it would seem he would have jurisdiction, under § 7353, Comp. Laws 1913, of a motion, subsequently made to vacate the judgment.

It appears from the record that Judge Buttz was disqualified to hear the action to vacate the judgment, for he had made an affidavit, in support of defendant's motion to vacate it.

Hence, under § 7353 or § 7941, Comp. Laws 1913, it would appear Judge Cooley had jurisdiction to hear and determine the motion for vacation of the judgment.

It may be, that, if Judge Buttz had not been disqualified to hear the motion to vacate the judgment, and the motion had been made before

him, and he had assumed jurisdiction of the matter, perhaps, in that case, the jurisdiction of Judge Cooley in the matter would have been at an end. This is a question, however, which is not before us, and one which we do not decide.

The matters involved in this case transpired prior to the time when the new judiciary act became effective; this decision considers the question of jurisdiction in relation to judicial districts, and the power and authority of the judges thereof, as they existed prior to the time when such act became effective.

The order of October 6, 1919, needs no extended consideration. It is not necessary to decide whether the court had jurisdiction to make that order. The court did have jurisdiction to make the order appealed from, and that is the only issue in this appeal.

We are of the opinion that there was a sufficient showing of inadvertence and excusable neglect on the part of defendant, upon which the court was justified in vacating the judgment, and, in doing so, there was no abuse of its discretion. The terms imposed as a condition for the vacation of the judgment, were, no doubt, such as the trial court thought just, and we find no reason in the record why any change in them should be ordered.

The order appealed from is affirmed.

The respondents are entitled to statutory costs and disbursements on appeal.

CHRISTIANSON, Ch. J., and ROBINSON and BIRDZELL, JJ., concur.

BRONSON, J., concurs in the result.

CHRISTIANSON, Ch. J. (concurring). I concur in the opinion prepared by Mr. Justice Grace.

I believe that Judge Cooley had authority to hear and determine the application to vacate the default. See § 7941, Comp. Laws 1913; Gould v. Duluth & D. Elevator Co. 3 N. D. 96, 54 N. W. 316; Bruegger v. Cartier, 20 N. D. 72, 126 N. W. 491.

I also believe that there was a sufficient showing to justify the trial court in vacating the default. In fact, a stronger case of excusable neglect was presented in this case than that shown in Westbrook v.

Rice, 28 N. D. 324, 148 N. W. 827, wherein this court reversed the trial court's order refusing to vacate a default judgment.

Considerable argument has been advanced pro and con as to whether there was a sufficient affidavit of merits in this case. The respondent has called attention to the fact that there had been duly interposed an answer setting forth a good defense, which answer was duly verified, by attorney, in form and manner as required by law; that the case was at issue upon the complaint and such answer. Attention is further called to the affidavit of respondent's counsel, submitted in support of the application to vacate the default, wherein it is stated that such attorney "knows that the said defendant has a good defense to said action, in his opinion." It becomes unnecessary to determine whether there was or was not a sufficient affidavit of merits. In the opinion prepared by Mr. Justice Grace, it is held that an affidavit of merits is not required in a case where a verified answer setting forth a good defense has been interposed prior to the default. This holding is in harmony with, and directly supported by, the decision of this court in Harris v. Hessin, 32 N. D. 25, 151 N. W. 41. I believe that the rule announced in Harris v. Hessin, should be adhered to regardless of what views I or other members of the court might have entertained if the question had been an original one in this jurisdiction. For it is important for the proper and expeditious conduct of judicial business that the rules of practice and procedure should be stable; and the rule of stare decisis is especially applicable to decisions on matters of practice and procedure. Horton v. Wright, B. & S. Co. 43 N. D. 114, 174 N. W. 67.