MAGDALENE TALBOTT, Respondent, v. WILLIAM EARL TALBOTT, Appellant.

(178 N. W. 283.)

**Divorce — refusal to vacate decree for mistake held abuse of discretion.**

A motion to vacate and set aside decree for divorce, taken by plaintiff against defendant, was made under and pursuant to the provisions of § 7483, Comp. Laws 1913.

The trial court made and entered an order denying the motion.

It is *held,* for the reasons stated in the opinion, that this was an abuse of discretion.

Opinion filed June 8, 1920.

'Appeal from an order of the District Court of Stutsman County, Honorable *J. A. Coffey,* J.

Reversed.

*C. S. Buck,* for appellant.

A judgment dissolving the relation of husband and wife should never be granted except on the most positive showing, and more than in any other class of cases there should be offered the fullest opportunity for both parties to be heard. Bank v. Brandon, 19 N. D. 489; Westbrook v. Rice, 28 N. D. 325.

*E. L. Foster* and *E. T. Burke,* for respondent.

A trial court is vested with a large discretion, which should not be disturbed except for clear abuse. Robinson v. Cannely, 29 N. D. 291.

Mere forgetfulness of a party to an action is not sufficient ground for vacating or setting aside a judgment by default. 15 R. C. L. p. 707, art. 159; citing notes in Ann. Cas. 1914B, 587, and 43 L.R.A.(N.S.) 930.

---

NOTE.—For accident or mistake as ground for relief from divorce decree, see cases collated in a note in L.R.A.1917B, 459.

GRACE, J. This is an appeal from an order of the district court of Stutsman county, North Dakota, J. A. Coffey, Judge, denying the motion of the defendant for an order vacating the judgment entered in said action, on July 8, 1919, which order was made and entered on the 19th day of August, 1919. The action was one for divorce, and was based principally on a claim of cruel and inhuman treatment. It was commenced by the service of a summons and complaint on the 9th day of April, 1919. Defendant interposed an answer, which admitted that plaintiff was a citizen of the United States and a resident of the state of North Dakota for more than one year prior to the time of the commencement of the action, and it also admitted the marriage. The remainder of the answer consists of a general denial. The case was brought on for trial at the regular June, 1919, term of the district court in and for Stutsman county. At the time the case was called for trial defendant was not present. The defendant's attorney was present. It is clear, from the affidavits in support of the motion to vacate and set aside the judgment and for an order reinstating the case on the calendar, for trial on its merits, that defendant was not present at the trial of the case. It is also clear that plaintiff introduced her testimony in support of the allegations of the complaint, and that the defendant offered no evidence.

The court made findings of fact and conclusions of law in plaintiff's favor, and judgment was entered accordingly, on the 8th day of July, 1919. Thereafter defendant promptly made the motion above mentioned, and the same was set to be heard on the 21st day of July, 1919. The motion was made pursuant to the provisions of § 7483, which sets forth the causes for which a party may be relieved of a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, if an application and motion for such relief is made within one year after the notice of entry of judgment. The defendant has brought his motion in due time, and it is supported by the affidavit of C. S. Buck, his attorney, and by his own affidavit. The defendant is a railroad man and resides in Jamestown. He was in Jamestown at the time the case was called for trial. He was at his attorney's office on July 1st, and was told that the case would be brought on for hearing a week from that date. On the morning of the 8th of July his attorney attempted to call him by phone at his residence, but found he had no

phone there. He then called the roundhouse and the master mechanic of the Northern Pacific Railway Company, attempting to locate him, but was unable to do so. The defendant's affidavit shows that he was laboring under a mistake as to the actual date of the trial, and his affidavit further shows and states that it was firmly fixed in his mind that he was told that the case would be brought on for trial on the morning of Wednesday, July 9, 1919. He further states that he had no intention of being in default by not appearing; that he firmly believes that he has a good and valid defense against plaintiff's claim; that he called at the office of C. S. Buck shortly after 2 o'clock in the afternoon of July 8, 1919, and Mr. Buck not then being in, he returned again at 4 o'clock, at which time he was told by Mr. Buck that the case had been up for trial in the forenoon. He states further that he has no telephone at his home, having had the same removed some time prior, and that he had not informed C. S. Buck, his attorney, of the exact location of his residence. The trial court promptly denied the motion and made an order to that effect, and this appeal is from that order.

As we view the matter, the defendant was not required to make an affidavit of merits in view of the fact that he had theretofore interposed an answer which stated a good defense. Peterson v. Finnegan, ante, 101, 176 N. W. 734. All that was incumbent upon the defendant was to show facts, by affidavit, in support of his motion, which would show and establish his mistake, inadvertence, surprise, or excusable neglect. It is our opinion that he made a sufficient showing in this regard. Surely the defendant made a mistake as to the date of the trial, and we think an honest mistake, and that his neglect or failure to appear at the trial was entirely excusable; and that it is apparent that he had no intention of permitting a decree to be taken against him.

The application to vacate and set aside the judgment, it is true, was addressed to the sound discretion of the trial court. This discretion, however, must be a clear, legal discretion in contradistinction to an arbitrary or mere mental one. In the circumstances of this case and the facts, which appear by affidavit in support of the motion, we arrive at the conclusion that the trial court abused its discretion in denying defendant's motion, and in making the order refusing to vacate or set aside the judgment and to again place the case upon the calendar for trial. Actions should be tried upon their merits. The law favors it.

It is more satisfactory and gives greater opportunity to secure justice to all parties concerned. Where it is clear that an action has not been tried upon the merits, and where the application is made under the above section, and the affidavits, as in this case, show clearly a reason for the failure to appear at the trial, and such application and motion are seasonably made and within the time prescribed, the trial court should hesitate to deny the application and the motion; for it is very certain that it is exercising a legal discretion and should be exceedingly careful not to abuse it. This is particularly true in a divorce action. The court, in this kind of case, should have all the knowledge it is possible for it to acquire and it should be fully advised, where possible, of all the claims of the respective parties. The statutes of this state set forth the ground for divorce, and one seeking a divorce must bring himself or herself within the provisions thereof, and must support their case by competent evidence. In addition to this, full opportunity should be given the opposing party to present that side of the case, where they have endeavored and are ready to do so within the time and the requirements of law.

The order appealed from is reversed, and the case is remanded for further proceedings, not inconsistent with this opinion.

Neither party shall recover costs and disbursements on appeal.