[File No. 7111]

IN THE MATTER OF THE ESTATE OF FRED TOOZ, Deceased

ERNEST TOOZ, Appellant, v. THEKLA TOOZ, Executrix and Administratrix of the Estate of Fred Tooz, Deceased, Rosella Hermes, formerly Rosella Tooz, Doris Tooz and Alice Tooz, Appellees.

(37 NW2d 493)

Opinion filed January 10, 1949.  On rehearing May 16, 1949.

*Murray & Murray,* for appellant.

*Floyd B. Sperry,* for respondents.

MORRIS, J. On August 19, 1947 the appellant, Ernest Tooz, filed a claim consisting of nine items totaling $8,215.00 against the estate of Fred Tooz, deceased, in the county court of Dunn County. Thekla Tooz, administratrix with the will annexed, rejected the claim and filed objections to its allowance. On September 23, 1947 the judge of the county court entered an order in which he disallowed, disapproved and rejected the claim in full. Ernest Tooz appealed from that order to the district court of Dunn County. The matter was then placed upon the calendar for trial at the next term of the district court which convened at Manning, North Dakota on May 25, 1948. The matter was reached for trial at 10:30 o'clock in the forenoon of that day. The appellant failed to appear either in person or by counsel. The administratrix appeared in person and with her attorney who also acted as attorney for two other respondents, and made a motion to have the appeal dismissed for lack of prosecution thereof. The court granted the motion and "ordered that said appeal be, and hereby is, in all things dismissed." The written order thus dismissing the appeal is dated June 1, 1948. On June 12, 1948 the appellant obtained from the district judge an order to show cause why he should not be relieved from his default and from the order dismissing his appeal. The matter was heard on June 30, 1948 and on July 23, 1948 the judge of the district court entered an order denying and quashing appellant's application to be relieved from default. This appeal is from that order.

It appears from the appellant's showing made to the district court upon his application for relief that at the time the proceedings were had in county court the appellant was represented by Attorney Murtha of Dickinson, North Dakota. After the claim had been disallowed by the county judge the appellant changed attorneys and employed J. K. Murray of Bis-

marck, North Dakota who represented him throughout subsequent proceedings. During all of the time here involved the respondents who appear in the matter were represented by Attorney Floyd B. Sperry. At the time the appeal was pending in the district court of Dunn County there was also pending in that court two other cases involving the claim and delivery of personal property wherein Thekla Tooz, as administratrix, was plaintiff and Ernest Tooz was defendant. According to the affidavit of J. K. Murray, Ernest Tooz in February 1948 brought to his office a file of papers containing the Tooz litigation. He states that he did not realize that there were three suits but thought that only two actions were pending; one involving claim and delivery, the other being the appeal from county court. Between April 30, 1948 and May 25 when the district court convened, Attorneys Sperry and Murray exchanged correspondence regarding the litigation which resulted in stipulations transferring the claim and delivery cases to Stark County for trial at Dickinson, the county seat. This correspondence usually referred to the litigation as "Tooz v. Tooz" or "Tooz Cases". Murray contends that he was under the impression that the stipulations included the appeal from county court and that when the time for holding the Dunn County term arrived he thought that the appeal had been stipulated to Dickinson for trial and was no longer pending in Dunn County.

Sperry contends that Murray must or should have realized the difference between claim and delivery actions and the appeal, for in the former the administratrix was the plaintiff while in the latter she was the respondent, and that in Sperry's letter of May 16, which was headed "Re: Tooz v. Tooz", he said, "We sent you a stipulation in each of these cases, both being claim and delivery actions".

Sperry also contends that the appellant's showing for relief is insufficient because of failure to include a proper affidavit of merits. On the other hand, the appellant argues that the appeal was at issue in the district court, his verified claim being the equivalent of an affidavit or verified pleading, and that a further affidavit of merits was unnecessary. Appellant also

contends that he presented an affidavit of merits with his application for relief wherein he stated that he had clearly stated the facts to his attorney and was advised by his attorney J. K. Murray that he had a full and complete cause of action upon the merits. He argues that he is entitled to rely on the advice of his attorney and believing that he has a meritorious action, is entitled to have it litigated.

Appellant's final point is that the court erred in dismissing the appeal without determination of its merits, on the ground of lack of prosecution. He argues that § 28–0801 ND Rev Code 1943 is not applicable to appeals from county court to district court. There is much merit in this contention and we give it major consideration in deciding this controversy.

This case, being an appeal from an order of the county court, was at issue from the time the appeal was perfected. It was placed upon the calendar without a note of issue. § 30–2618 ND Rev Code 1943. The claim that had been filed by the appellant in the county court was verified by him and it constituted a pleading upon which the case would be tried in the district court on appeal. The law is settled in this State that where a motion is made by a defendant to vacate a default judgment upon the ground of excusable neglect and where at the time judgment was entered a verified answer was on file and the case was at issue and such answer disclosed a defense on the merits, no affidavit of merits is necessary. Harris v. Hessin, 32 ND 25, 155 NW 41; Peterson v. Finnegan, 45 ND 101, 176 NW 734; Jesse French & Sons Piano Co. v. Getts, 49 ND 577, 192 NW 765; Madden v. Dunbar, 52 ND 74, 201 NW 991. In this case the verified claim is in effect a verified pleading. The case was at issue and under the principle adopted in the above cases no affidavit of merits was necessary in order to entitle the appellant to a hearing on his motion to be relieved of default.

An important and decisive practice question is presented with respect to dimissals of appeals from county to district court. The motion to dismiss the appeal was obviously made and granted under the misapprehension that § 28–0801 ND Rev. Code 1943

was applicable. This section provides, "A civil action, without a final determination of its merits, may be dismissed: . . . 4. By the court when the plaintiff fails to appear on the trial and the defendant appears and asks for the dismissal; . . . ." § 28–0804 provides, "All modes of dismissing an action other than those provided in this chapter, are abolished." These sections refer to dismissals without prejudice. They contemplate no determination of the merits and do not afford a procedure applicable to appeals from the county court to the district court.

Under the provisions of § 30–2603 ND Rev Code 1943, appeals from the county to the district court are required to be perfected within thirty days from and after the date of the order or decree sought to be appealed from unless the time has been extended by the county court pursuant to the provisions of § 30–2606. The county judge then certifies the record to the district court within ten days and in event of his failure so to do either party may move the district court for an order requiring the county court to make proper certification. § 30–2617. When the record reaches the district court and the clerk's fees are paid the matter goes on the calendar for trial "at the next term convening, not less than ten days after the taking of the appeal." § 30–2618.

Section 30–2620 entitled "Appeal to be Dismissed, When." provides that,

"If the transcript on appeal is not certified to the district court as is provided in section 30–2617 on or before the second day of the term designated in section 30–2618, and the appellant does not make application for an order requiring the same to be certified forthwith, or if the appeal has not been sooner disposed of and the appellant fails to do any act necessary in order to have the same docketed and brought upon the calendar on or before the second day of such term, any appellee may have the same so entered by order of the court upon the production of a certified copy of the decree or order appealed from and the notice of appeal, and thereupon the appeal shall be summarily dismissed with ten dollars costs to such appellee, unless the appellant satisfactorily excuses his default and forthwith pays such costs."

In § 30–2621 it is provided, "A dismissal of an appeal by order of the district court in pursuance of any provisions of this chapter is in effect an affirmance of the decree or order appealed from." In Melady-Briggs Cattle Corp. v. Drovers State Bank, 213 Minn 304, 6 NW2d 454, it is stated:

"A dismissal on the merits differs from dismissals authorized by statute, in that the 'latter conclude the action only; whereas, the former not only ends the action, but concludes also the cause of action, determining finally the whole controversy. It is a final adjudication.' Pioneer Land & Loan Co. v. Bernard, 156 Minn 422, 423, 195 NW 140."

Chapter 30–26 makes no provision for an ex parte dismissal of an appeal to the district court without a final determination of its merits and no language therein intimates that this may be done in the absence of mutual consent of the parties. When the time element is considered we think it improbable that a dismissal of an appeal from county court without a determination of the merits was ever contemplated under the provisions of § 28–0801 ND Rev Code 1943. It would be a rare combination of circumstances that would permit the perfecting of an appeal from county court within the statutory time provided, the transmission of the record to district court, the convening of a term of that court and the dismissal of the appeal therein without prejudice, which would afford an appellant an opportunity to institute new appellate proceedings in the county court within thirty days from the date of the order or decree.

Further reference to § 30–2620 indicates that the appellant must be given an opportunity to be heard before the appeal may be dismissed under that section. Provision is made therein for a summary dismissal of the appeal with costs to the appellee "unless the appellant satisfactorily excuses his default and forthwith pays such costs." This implies final action by the district court which is equivalent to a determination on the merits, its effect being an affirmance of the decree or order appealed from. § 30–2621.

The record in this case discloses that because the appellant failed to appear the appeal was dismissed for lack of prosecution. The case was not heard, no evidence was taken and no judgment

rendered on the merits. The order that was entered however disposes of the case as completely and effectually as if the trial had been had in the district court and judgment rendered for the respondents. The time for appeal has long since expired. The appellant has no further remedy as long as the order remains in effect. The result is an affirmance of the order of the county court. Courts favor trials on the merits. Citizens' Nat. Bank v. Branden, 19 ND 489, 126 NW 102, 27 LRA NS 858; Westbrook v. Rice, 28 ND 324, 148 NW 827; Farmers' & Merchants' Bank v. Mann, 33 ND 135, 156 NW 535. In the absence of a plainly expressed legislative intent we would not give to the statutes an effect which would, under the circumstances like those before us, deprive an appellant of a trial on the merits in the district court under the pretense of a dismissal without prejudice for lack of prosecution which in fact would leave to the appellant no further recourse.

Lest it be argued that the order in question does not on its face purport to be a dismissal without prejudice we would say that if it is construed to be a dismissal with prejudice it was erroneously entered for it does not purport to be an adjudication on the merits but is a dismissal for lack of prosecution with no evidence offered by the respondents.

The order of the district court dated June 1, 1948, dismissing the appeal of the appellant was erroneously entered. The order denying the application of the appellant to have vacated the dismissal of the appeal is reversed.

NUESSLE, Ch. J., CHRISTIANSON and BURKE, JJ., and GRIMSON, District J., concur.

BURR, J., did not participate.

MORRIS, J. (On Rehearing). We granted a rehearing upon the petition of the respondents. The case was again argued and additional briefs were filed. We are satisfied with the correctness of the legal principles thus far determined and applied, but in the light of arguments presented subsequent to our opinion we deem it advisable to add another chapter.

We considered the question of the power of the district court to dismiss an appeal from the county court under the provisions

of § 28–0801, Rev Code ND 1943, and determined that this section did not apply to appeals from county court in probate matters and that the district court erred in the dismissal. This question was raised in the brief of the appellant and ignored by the respondents. In the petition for rehearing which presents several grounds the respondents for the first time challenge the right of the appellant to question the validity of the order upon the ground of power which he points out was not urged before the trial court. In his petition the respondent states, "We believe that since this question was not briefed or argued, as far as we were concerned, and very little by appellant, that we should have an opportunity to brief the same, by virtue of a rehearing in the matter."

Upon reargument the appellant seeks to serve the same sauce by arguing that the respondents having remained silent upon the question of the trial court's power to issue the order in their brief and argument upon the hearing in this court and not having then raised the point that the power of the court to make the order has not been questioned in the court below, it cannot be urged for the first time in the petition for rehearing. The general rule is that this court will not grant a rehearing upon questions not raised upon the hearing of an appeal either in the briefs or in oral argument. Muhlhauser et al. v. Becker et al., currently decided, 76 ND 402, 37 NW2d 352; Ellison v. La Moure, 30 ND 43, 151 NW 988; McCaull-Webster Elevator Co. v. Adams, 39 ND 259, 167 NW 330, LRA1918D 1036; Raad v. Grant, 43 ND 546, 169 NW 588; Anderson v. Northern & Dakota Trust Co. 67 ND 458, 274 NW 127; Rindlaub v. Rindlaub, 19 ND 352, 125 NW 479; John A. Tolman Co. v. Bowerman, 6 SD 206, 60 NW 751. The petition for rehearing in this case covered four points including the merits of the application. We decided to grant a general rehearing on all issues in the case and review the entire controversy, and now proceed with the opinion with reference to the appellant's application to be relieved of default which is made under the provisions of § 28–2901, Rev Code ND 1943.

We have again considered the correspondence between the attorneys for the respective parties. It is clear that the appel-

lant himself cannot be blamed for the situation that developed. He was involved in three separate matters of litigation involving Thekla Tooz and arising out of the estate of the decedent, all of which might have properly been brought on for trial and tried at the term of the district court of Dunn County that convened on May 25, 1948. He had placed his litigation in the hands of an experienced and competent attorney, one on whom he might properly rely with reference to matters of procedure and merit. The fault lies with his attorney who we are satisfied became confused as to the exact status of this particular case, and erroneously assumed that it would not be tried in Dunn County, but had been transferred elsewhere for trial. The failure of counsel for the appellant to appear at the trial was not deliberate, although it might have been avoided by closer attention to the files of the three cases. His neglect is nevertheless excusable under the circumstances.

In the first paragraph of the syllabus of Citizens' Nat. Bank v. Branden, 19 ND 489, 126 NW 102, 27 LRA NS 858, it is said, "Courts favor the trial of cases upon their merits, and, in a case where a trial court has refused to open a default and permit a defense to be made, the reviewing court will not only inquire as to whether the discretion of the trial court in denying the application has been soundly exercised, but will examine the facts shown for the purpose of determining whether or not, in the interests of justice and right, and under the liberal construction generally given the statute permitting a court to open a default upon a proper showing, the default should not be set aside, and a defense upon the merits permitted."

That case was followed in Westbrook v. Rice, 28 ND 324, 148 NW 827, wherein it is said, "Excusable neglect is defined as a lack of attention to the progress of the cause or failure to attend the trial, which is excused or justified by the peculiar circumstances of the case."

In this case the order from which relief is sought, while made under a statute permitting dismissals without prejudice, in effect finally determines the merits, for it dismisses the appeal from the county court and thus results in affirmance of the order from which that appeal was taken. While the question of vacating a

judgment or order entered by default through the inadvertence of his counsel is largely a matter of discretion of the trial court, this court is more reluctant to interfere with an order granting relief from such a default than from one refusing to grant such relief. Mueller v. Occident Elevator Co. 55 ND 206, 212 NW 830. In this case it appears to us that the oversight of counsel for the appellant is excusable and that the appellant should not be precluded thereby from a hearing of his appeal upon its merits.

The respondents strenuously argue that the appeal to the district court was not properly taken and is not based upon a meritorious claim. These are matters to be urged in the district court and not upon this appeal. We cannot determine them here upon a review of the order denying relief from default. Croonquist v. Walker, 50 ND 388, 196 NW 108. We adhere to our former ruling that the order denying the application of the appellant is reversed.

NUESSLE, Ch. J., CHRISTIANSON and BURKE, JJ., and GRIMSON, District J., concur.

BURR, J., did not participate.