T. W. CHILD & COMPANY, Appellant, v. FULLER & JOHN-SON MANUFACTURING COMPANY, Respondent.

(141 N. W. 988.)

1. **Judgment—Opening Default—Scope of Hearing.**

On plaintiff's application to vacate a judgment recovered by defendant's failure to produce any evidence because, as claimed, the case was reached for trial earlier than expected, held, the court was not bound to determine the application solely on the showing as to absence of plaintiff's witness, but could consider the prior history of the case, showing delay in plaintiff's prosecution of the case, and the fact that plaintiff waited eight months before making the application, since, under Sec. 151, Code Civ. Proc., relating to relief from judgments, facts which might be excusable neglect when standing alone might not be such when considered in connection with the entire history of the case.

2. **Judgment—Opening Default—Excusable Neglect—Abuse of Discretion.**

In an action commenced in 1906, plaintiff, about three years later, obtained default judgment against defendant, having meanwhile obtained judgment in another state on the same cause of action. Said default was opened in February, 1910, upon payment of terms which were accepted and received by plaintiff, who nevertheless appealed from the order vacating the default judgment, but failed to prosecute the appeal. After dismissal of said appeal, plaintiff failed to notice the case for trial at two succeeding terms, and at the second term it was noticed for trial by defendant, it being, on plaintiff's application, on preliminary call, set at foot of calendar, defendant's counsel at the time insisting upon a trial at that term. When called for trial a witness for plaintiff was absent, it not being shown when he would be present, but it was conceded he could not arrive before evening the following day. No other jury cases were for trial, the case, if not tried, would necessarily have been continued. A continuance was denied, and a verdict directed for defendant on plaintiff's failure to produce evidence, and eight months thereafter plaintiff moved to set aside the judgment on ground that it was taken against plaintiff through its excusable neglect. **Held,** that in view of the

previous history of the case and the delay in making the application, its denial was not an abuse of discretion.

(Opinion filed June 3, 1913.)

Appeal from Circuit Court, Spink County.    Hon. ALVA E. TAYLOR, Judge.

Action by T. W. Child & Company against the Fuller & Johnson Manufacturing Company, to recover for conversion of personalty. From an order denying an application to vacate a verdict directed against plaintiff upon its failure to produce evidence on trial, plaintiff appeals.    Affirmed.

*Null & Royhl,* for Appellant.

While the granting of relief is within the discretion of the court, we think this case comes within the rule in Searle v. Christensen, 5 S. D. 650, in which the court holds that a refusal of relief in a meritorious case was a misuse of the court's discretion.

This is not an application for relief from a judgment by default. The only default judgment known to our practice is that authorized by sections 123, 131, 237, Code of Civil Procedure. Where issue is joined, there cannot be a judgment by default. This application therefore, is properly made under section 151, Code of Civil Procedure.    Acheson v. Inglis Bros., 135 N. W. 632.

The judgment was obtained by reason of the neglect of Mr. Child in not being present when the case was reached for trial. Was this neglect excusable? Taking into consideration the trial list of causes and the fact that during the first week of the term but seven trial cases had been disposed of and that there remained twenty cases for trial before our case would be called, we think that Mr. Fiske was warranted in advising Mr. Child that our case would not be reached that week. Then in the ordinary course of events, was not Mr. Fiske warranted in assuming, that as the court progressed with the trial of the twenty cases, he would be able to advise Mr. Child by wire in ample time. It certainly can not be said that the neglect was inexcusable. Douglass v. Badger (Wash.) 4 L. R. A. (N. S.) 196, 200; same case 83 Pac. 178.

*Sterling & Clark,* for Respondent.

Before an appellate court can determine whether or not there has been an abuse of discretion on the part of a trial court, it must necessarily have before it all the facts, circumstances and

conditions that were known to the trial court, and it will sustain the action of the trial court in the exercise of descretion if it can be done upon any reasonable theory.

No excuse was shown for plaintiff's bringing dual actions in both the Minnesota and the South Dakota courts at practically the same time and upon the same cause of action; nor for his delay of nearly three years in taking judgment in the South Dakota case after he claimed that defendant was in default; nor for his appeal to the Supreme Court, from the order of the circuit court opening the default judgment, after he had taken and accepted the terms that were imposed by the court for opening said default; nor for his failure to notice this case for trial at the next two succeeding terms after the case had been remanded from the Supreme Court to the circuit court; nor why he did not move promptly, after the judgment was entered against him in 1911.

We think there is no recorded case where such inexcusable neglect, delay and bad faith has been shown as are present in the case at bar. We cite: Evans v. Fall River Co., 4 S. D. 119; McAndrews v. Bank, (S. D.) 127 N. W. 536; Gordon v. Gordon, 20 S. D. 275.

WHITING, P. J. [1, 2] When this cause was called for trial in the circuit court on June 16, 1911, defendant, after stating to the court the history of the cause up to that time, insisted that it be tried, while counsel for plaintiff asked for continuance. Counsel for plaintiff, without filing any affidavit, stated the grounds upon which he sought a continuance. The court denied the request for continuance, a jury was called, and, upon plaintiff's counsel being advised that he might state his client's case to the jury and submit evidence, said counsel stated that, "We are unable to proceed to trial." No evidence being produced by plaintiff, the court, at the request of defendant, directed a verdict in favor of defendant. Judgment thereon was entered June 17, 1911. On February 6, 1912, this cause came on for hearing before the trial court upon an order to show cause why the "verdict * * * should not be vacated and set aside, and the plaintiff relieved from default in this action, on the ground of inadvertence and excusable neglect, and that the above entitled cause be restored to the calendar for trial at the next regular term of the circuit court

for Spink county." The court denied plaintiff's application, and it is from the order denying same that this appeal is taken.

Appellant relies upon section 151 of the Code of Civil Procedure, which reads as follows: "Sec. 151. The court may * * * in its discretion, and upon such terms as may be just, * * * at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. * * *" It is conceded by appellant that an application of this kind is addressed to the discretionary power of the circuit court, but he insists that in this case there was a clear abuse of such discretion. From appellant's showing, it appears that this cause was, upon the call of the calendar at the June, 1911, term, set for trial at or near the foot of the calendar; that there was a large number of cases set for trial prior thereto; that the president of plaintiff corporation was within Spink county a few days prior to June 16th, and was advised, by an attorney employed by him in another cause, that this cause now on appeal could not possibly be reached until the first of the coming week, owing to the numerous cases preceding the same for trial; that thereupon said president of plaintiff corporation left the county of Spink, going west of the Missouri river, where he was then living and engaged in business; that he expected to return to attend as witness upon said trial upon being notified of the time for such return; that unexpectedly a large number of jury cases were disposed of without trial; that thereupon the attorney who had advised him that he might safely leave for his home for a few days wired him on June 15th that this cause was called for trial the next day; that he immediately started for Redfield, the city where said court was being held; that ordinarily it would have taken him until the evening of the 17th to reach there, and that he wired the above attorney to the effect that he would be there on the evening of the 17th; that he did arrive on the morning of the 17th. In addition to this showing, it appeared to the court from the affidavits filed in resistance to appellant's application, and also from the files and records in this cause, that the said cause was commenced in October, 1906; that an action involving the same cause of action was brought in the district court of Minnesota in May, 1906, and judgment rendered thereon in November, 1906, in favor

of the defendant; that some three years later the plaintiff took default judgment against defendant in the cause now upon appeal; that such default judgment was, in February, 1910, opened up by the trial court upon payment of terms, which terms were accepted and received by this appellant, who, nevertheless, appealed from such order vacating the default judgment; that, failing to prosecute such appeal with proper diligence, the same was by this court dismissed in October, 1910; that appellant failed to notice said cause for trial at the next succeeding term of the circuit court, or at the June, 1911, term; that, in order to bring said cause on for disposition, the defendant noticed it for trial at said June, 1911, term; that, upon the preliminary call of the calendar of said term, appellant, for the convenience of its president, and because of another cause in which its president was interested and which was coming on later in the term for trial, applied to the court to have this cause now before us placed at the foot of the trial calendar; that at the time of such request respondent advised appellant and the court that it would insist upon a disposition of said cause during that term; that when said cause was reached for trial no showing was made as to when, if at all, plaintiff's president would be present for trial, and it was conceded he could not reach there before the evening of the 17th; that, there being no other jury case for trial, if this cause was not then tried it would have to be continued over the term; that although plaintiff, through its president, was aware of the verdict and judgment herein upon the date of such judgment, and at that time fully aware of all of the facts upon which it now bases its right to have the verdict vacated, it failed to apply for an order vacating same until in February, 1912, some eight months after such verdict and judgment.

It is insisted by appellant that his application should have been determined solely upon the showing as to the reasons why plaintiff's president failed to be present for the trial, and that all matters relating to the prior history of said cause could not rightfully be considered by the trial court. With this contention we are unable to agree. The question before the trial court was whether there was excusable neglect. It was an appeal to the discretion of said court. Facts that might be excusable neglect if standing alone might not be excusable neglect when considered in connection with the entire history of a cause. Each application

of this kind must stand upon its own facts, and no fixed rule can be laid down for the guidance of the trial court, but it was certainly proper for said court to bear in mind all that had theretofore transpired in relation to said cause. It was also proper for the trial court to consider the delay of eight months in the making of this application after a time when all the facts were known to the applicant. While it is true that under section 151 a court may consider, and in a proper case, grant relief where application is made within one year after the applicant has received notice of the judgment from which he seeks relief, yet that does not relieve the applicant from the duty of proceeding with diligence and within less than the year's time if within his power so to do. We do not believe that the trial court, with its knowledge of the previous history of this cause and of all the facts and circumstances attending upon the term of court at which this cause was called for trial, and especially in the light of the delay in making this application, was guilty of any abuse of its discretion in denying same.

The order appealed from is affirmed.