OLSON, Respondent, v. ADVANCE RUMELY·THRESHER·
COMPANY, Appellant.

(175 N. W. 192.)

(File No. 4608. Opinion filed December 4, 1919.)

1. Judgments—Opening Default—Neglect of Counsel, Non-advice to
Client, Effect Re—Negligence of Party, Judicial Discretion,
Excusable Negligence Re.

A case stood No. 18 on trial calendar; defendant's attorney,
residing in another county where a term of court opened on
same day, after vainly endeavoring to arrange with opposing
counsel that case be set for trial on first day of term, wrote
trial judge that case was for trial at coming term on first
day, that he had causes for trial in his home county where he
could arrange with trial judge so that he could get away,
referring to non-resident witnesses who were coming, trial
judge's response being non-committal. n call of calendar the
local attorney temporarily employed only to examine jurors
when case came on announced it ready for trial at the term;
defendant's attorney later wiring trial judge that he was try-
ing cases until balance of week and asked that case be set
for trial one week hence; case being reached and tried three
days thereafter, defendant defaulting, and judgment entered
for plaintiff. Defendant's counsel took no steps after sending
telegram, to advise his client as to situation, or to procure
another attorney, his sole excuse for neglect being that he
relied on belief that no advantage would be taken, that he
alone was familiar with the facts involved in the trial, and
that as the case was No. 18 he did not believe it would be
reached until he was able to attend court. Held, that defend-
ant's counsel was negligent in failing to notify his client of
the situation to the end that another attorney might be em-
ployed to represent it; that the showing made did not excuse
such neglect; therefore trial court had no discretion to exer-
cise, if the negligence is imputable to defendant; and that
negligence must be excusable is a "precedent to exercise of
any discretion."

2. Same—Judgment at Term by Default—Negligence of Counsel,
Whether Excusable, Question of Fact, Supreme Court's Right
to Determine.

Where, on motion to set aside a judgment entered by de-
fault, the facts warrant conclusion that defendant's counsel
was negligent in not advising his client of the situation, etc.,
held, that whether or not the negligence is excusable is a
question of fact, to be determined from the evidenciary facts
shown, and where such facts are undisputed, Supreme Court
may determine whether they disclose excusable neglect.

3. **Same—Setting Aside Default—Negligence of Counsel When Negligence of Party—Rule—Former Decision Distinguished, "Excusable Inadvertence."**

Generally, neglect of an attorney, not reaching point of collusion or fraud, in permitting judgment to be entered against his client, is neglect of the client; and such mere neglect is no ground of relief. The exception to such rule—concerning fraud—is distinguished in Searles v. Christensen, 5 S. D. 650, the false statement of attorney therein involved being such a fraud on Christensen as some courts hold an "unavoidable casualty," and any "inadvertence" resulting from such statement would be "excusable."

4. **Same—Setting Aside Default—Negligence of Attorney, Whether Imputable to Client—Client's Freedom from Negligence, Burden of Showing—Party's Futile Showing—Discretion, Whether Abused.**

Where the facts warrant conclusion that defaulting defendant's attorney was negligent in allowing judgment to be entered by default, held, that such negligence is imputable to defendant unless the latter is shown to have been free of negligence; and burden is upon the party seeking relief from result of his attorney's negligence, to show he himself was not negligent. Held, further, that no affidavit of an officer of defaulting defendant corporation being presented to trial court on motion to vacate judgment, no showing appears that it had done anything more than employ an attorney to represent it, or that it had taken such steps that if its counsel had been in court, its witnesses would also have been there; hence, the showing does not justify Supreme Court in refusing to hold it liable for negligence of its counsel; and trial court did not abuse discretion in denying a motion to vacate; and this Court will not reverse trial court's ruling in such case, unless there was clear abuse of discretion.

Appeal from Circuit Court, Charles Mix County. Hon. ROBERT B. TRIPP, Judge.

Action by Jacob Olson against the Advance Rumely Thresher Company, a corporation. From an order refusing to vacate a judgment taken against defendant by default, it appeals. Affirmed.

*Parliman & Parliman,* for Appellant.

*P. A. Hosford,* for Respondent.

(1) To point one of the opinion, Appellant cited: Westbrook v. Rice (N. D.), 148 N. W. 827; G. Somers & Co. v. Wilson (N. D.), 155 N. W. 30.

(4)   To point four, Respondent cited:   23 Cyc., page 937, Par. 2; Volmer Co. v. Grunewald, 124 Pac. 279.

(3)   To point three, Appellant cited: Searles v. Christensen, 5 S. D. 650; Westbrook v. Rice (N. D.), 148 N. W. 827; Griswold Linseed Oil Co. v. Lee, 1 S. D. 531.

Respondent cited:   Bank v. Brandon, reported in the 27th L. R. A. (N. S.),, p. 858 and note.

WHITING, J.   This is an appeal from an order refusing to vacate a judgment taken against defendant in the absence of its attorney or other representative.   That the court did not err in allowing judgment to be so taken is beyond question. But it does not necessarily follow that it did not err in refusing to vacate such judgment.

Defendant's answer disclosed a meritorious defense.   The cause had been noticed for trial at the November, 1918, term of circuit court in Charles Mix county.   What preparations, if any, were made by defendant for a trial at that term does not appear.   No term was held and the cause then stood for trial at the May, 1919, term, commencing on May 13th.   It stood as No. 18 on the calendar of such May term.   Defendant's counsel lived in Minnehaha county, which county is situate some distance from Charles Mix county and in another judicial circuit.   A term of court was to open in Minnehaha county on May 13th.   At this term defendant's counsel had several causes for trial.   He sought to arrange with plaintiff's counsel that this cause be set for trial on the first day of the term.   Plaintiff's counsel, while stating that such an arrangement would be agreeable to him, declared that it was beyond his power to make same. Defendant's counsel then wrote the trial judge advising him that he had this case for jury trial at the coming term; that opposing counsel were willing that it be set for trial on the first day of the term; that he had causes for trial in his home county, where the term also began on May 13th; that he could arrange with the trial judge of his home county so that he could get away; and that he had witnesses coming from Minneapolis and La Porte, Ind.; and counsel asked the trial court to "put this on for the first case, * * * if you can."   The judge answered: "I cannot say whether or not this can be done.   Parties ahead

of you might object." At the preliminary call of the calendar, defendant's counsel was not present, neither were its witnesses or any of its officers; but a local attorney, who was to assist counsel in the examination of jurors but who knew nothing of the facts of the case and was not to assist in the trial of the case, announced such case ready for trial at that term. On May 16th defendant's counsel wired the trial judge advising him that he was engaged in the trial of cases that would take him the balance of the week, and that one of his sons was returning from France the next Tuesday; and he asked the judge to set this case for trial on Friday of the coming week—one week from date of telegram. This telegram was not answered. The case was reached for trial on Monday, the 19th, and, with the facts, so far as known to the trial court, as above recited, and there being no appearance on behalf of defendant, the case was called for trial, evidence taken, and judgment entered for plaintiff. In addition to the above facts, the following facts, unknown to the court at the time of the trial, were disclosed by counsel's affidavit on motion to vacate: Counsel took no steps, even after he sent the telegram of the 16th, to advise his client as to the situation, or to procure an attorney who should represent his client either in presenting a motion for continuance or in trying the case, if such case should be called for trial in counsel's absence. Counsel's sole excuse for such neglect was that he relied upon the belief that no advantage would be taken of him; that he would be given a reasonable time to get to the court with his witnesses; that he alone was familiar with the facts and in a position to try the case; and that, in view of the fact that this case was No. 18 on the calendar, he did not believe it would be reached in the regular order until he would be able to be in attendance upon the court.

[1-3] That counsel was negligent is clear—in fact, he does not contend otherwise. We have thus presented these questions: Was such negligence imputable to defendant? If so, was such negligence excusable? If excusable, did the trial court abuse its discretion in denying the motion? Whether or not negligence is excusable is a question of fact to be determined from the evidentiary facts shown. Where such evidentiary facts are un-

disputed, this court is at liberty to determine whether or not they disclose excusable neglect. We are of the opinion that the showing made did not excuse the neglect of counsel. That being so, the trial court had no discretion to exercise if such negligence is to be imputed to defendant. That the negligence shall be found to be excusable is a "precedent to the exercise of any discretion." Pettigrew v. Sioux Falls, 5 S. D. 646, 60 N. W. 27; Pepper v. Clegg, 132 N. C. 312, 43 S. E. 906. Apparently,, defendant's counsel recognizes this to be the true situation—he seeks to assume all the blame and asks this court to excuse defendant, citing the holding in Searles v. Christensen, 5 S. D. 650, 60 N. W. 29. As stated in the notes to be found in 27 L. R. A. (N. S.) 858:

"It is generally held * * * that the neglect of an attorney, not reaching the point of collusion or fraud, in permitting a judgment to be entered against his client, is the neglect of the client, and that such mere neglect cannot be successfully urged as a ground of relief."

[4, 5] The facts in Searles v. Christensen brought that case within the exception noted in the above quotation—the false statement of the attorney was a clear fraud on Christensen. It was such a fraud as some courts hold to be an "unavoidable casualty" (Anthony v. Karbach, 64 Neb. 509, 90 N. W. 243, 97 Am. St. Rep. 662), and certainly any "inadvertence" resulting from such a statement would be "excusable." There are a few courts, prominent among which is the North Carolina court, which have at times refused to impute mere negligence of the attorney to his client. We think, however, no case can be found where a court has so ruled except where the client has been shown to have been free of negligence; and the burden is certainly upon a party, seeking relief from the results of his attorney's negligence, to show that he himself has not been negligent. 15 R. C. L. 709; 23 Cyc. 941; notes 80 Am. St. Rep. 264-271; notes 96 Am. St. Rep. 108, 109; Taylor v. Pope, 106 N. C. 267, 11 S. E. 257, 19 Am. St. Rep. 530; Norton v. McLaurin, 125 N. C. 185, 34 S. E. 269; Manning v. Roanoke & T. R. R. Co., 122 N. C. 824, 28 S. E. 963.

No affidavit of any officer of defendant corporation was presented to the trial court upon the motion to vacate the judgment. It therefore does not appear that defendant had ever done anything more than to employ an attorney to represent it. The trial court was not advised that defendant had taken such steps that, if its counsel had been in attendance upon court, defendant's witnesses would also have been there. For all that appears, even though there had been no neglect of this case by counsel, still there would have been a practical default by defendant.

[8, 9] It follows therefore that defendant has not made such a showing as to justify this court in refusing to hold it liable for the negligence of its counsel. The negligence not being excusable, the trial court had no discretion; but, if it had such discreton, there was no such abuse thereof as would require this court to reverse the holding of the trial court. From the decision in Pettigrew v. City, supra, down to date, this court has held that it would not reverse a trial court in its ruling upon a motion to relieve a party from a judgment alleged to have been taken against him through his mistake, inadvertance, surprise, or excusable neglect, unless there was a clear abuse of the discretion vested in the trial court.

The order appealed from is affirmed.