OLSON, Respondent, v. ADVANCE-RUMELY THRESHER COMPANY, Appellant.

(180 N. W. 961.)

(File No. 4781.   Opinion filed January 15, 1921.)

1.   **Judgments—Setting Aside Default—Preparing For Trial, Attorney's Negligence Re, When Imputable to Client—Corporation Client, Officers' Duty Re Producing Witnesses—Evidence Considered Sufficient.**

In considering whether a default judgment against corporation should be set aside for error in finding that corporation defendant's attorney was negligent in failing to advise his client concerning when the case would stand for trial, and whether under circumstances shown such negligence is imputable to client, held, it was incumbent on defendant, through its officers to perfect arrangements for presence of its witnesses on the trial; and where counsel wrote client fifteen days prior to opening of term that cause would be for trial at that term, that they were attempting to arrange for trial on first day of term and would advise him later as to their success, and client's officer five days before the term wrote to counsel that as advised case would be for trial at about a date two days after opening of term, and asking if anything had transpired concerning date of trial, and that such information was for use in planning in having two certain witnesses present, the officer having received no further advice until after judgment taken; officer's affidavit on motion to set aside judgment stating among other things that defendant's witnesses "we would have had there to testify for us" and "would have been there with all witnesses if we had received notice from our attorney," that therefrom it appears that defendant relied upon and was wait-

ing receipt of further notice from the attorneys. Therefore, held, that the affidavit of the officer, a branch manager of defendant, disclosed the manager's ability to have himself and witnesses present at the trial; and defendant corporation was not chargeable with negligence, and should be given an opportunity to have cause tried on its merits.

2    Same—Affidavit to Reopen Case—Witnesses "Would Have Had There to Testify," "Would Have Been There With All Witnesses" If Notified By Attorney, Whether Stating Fact Or Conclusion.

An affidavit made by a manager of defendant corporation, on motion to set aside default judgment, stated among other things concerning the production of witnesses on the trial, that "we 'would have been there to testify for us' and that affiant 'would have been there with all the witnesses if we had received notice from our attorney.'" Held, that the above quoted language are statements of ultimate fact and not mere statements of conclusions or matters of opinion; that the term "conclusion" is relative, that what might be the conclusion under some circumstances might not be under others; that while such affidavit should contain more than a statement of mere conclusions of law or fact, yet in determining whether a particular averment is of that character, regard must be had to all averments in the affidavit, and also that such affidavits are not required to be framed with technical accuracy of formal pleadings; therefore said affidavit was sufficient as regarded affiant as a witness, and also as to the two field men referred to in the affidavit as prospective witnesses; applying Sec. 2363, Code 1919, providing that in construction of a pleading for purpose of determining its effect, its allegations shall be liberally construed, etc., which rule applies in the present case.

Whiting, J., dissenting.

Appeal from circuit court, Charles Mix County. Hon. Robert B. Tripp, Judge.

See, 42 S. D. 332, 175 N. W. 192, for decision upon former appeal.

Action by Jacob Olson, against the Advance-Rumely Thresher Company, a corporation. From an order denying a motion to set aside a default judgment, defendant appeals. Reversed and remanded for further proceedings.

*Parliman & Parliman,* for Appellant.
*P. A. Hosford,* for Respondent.

To point one of the opinion, Appellant cited: Searles v.

Christensen, 5 S. D. 656; Baxter v. Chute, (Minn.) 52 N. W. 379; Note in Vol. 96 Am. St. Rep. 109.

Respondent cited: Notes to 27 L. R. A. (N. S.) 858; Babcock v. Brown, 25 Vt. 550; 60 Am. Dec. 290, 23 Cyc., p. 937, par. 2.

GATES, J.    This cause was before us upon a former appeal, our decision being reported in Olson v. Advance-Rumely Thresher Co., 175 N. W. 192. Such former appeal was from an order refusing to vacate a judgment. Upon such appeal we sustained the lower court upon the ground that the showing made to the court upon the motion to vacate was insufficient to support such motion, because from such showing it appeared that defendant's default was the result of the inexcusable negligence of its attorneys. Upon that appeal it was urged that the negligence of the attorneys was imputable to defendant, but, while we held that to be the ordinary rule, and that upon the showing then made the negligence of the attorneys should be imputed to defendant because there was no showing of lack of negligence on the part of defendant, we did not hold that negligence of an attorney should be imputed to his client, where such client was himself entirely free from negligence. We stated:

"The burden is certainly upon a party, seeking relief from the results of his attorney's negligence to show that he himself has not been negligent."

—and we called attention to the fact that there was no affidavit of any officer of defendant corporation presented to the trial court upon the motion to vacate the judgment, and said:

"It therefore does not appear that defendant had ever done anything more than to employ an attorney to represent it. The trial court was not advised that defendant had taken such steps that, if its counsel had been in attendance upon court, defendant's witnesses would also have been there. For all that appears, even though there had been no neglect of this case by counsel, still there would have been a practical default by defendant."

Defendant thereafter sought and procured from the trial court an order to show cause why the default judgment should not be vacated and set aside, and in support thereof, in addition to the showing made upon the first motion, submitted the affidavit of that officer of defendant corporation, whose duty it was to

look after this action on behalf of such corporation. Upon the return of such order to show cause, the trial court refused the relief sought basing such refusal upon the ground that the former decision of this court was res judicata of the matters involved in the second motion. Our decision on such appeal will be found reported in Olson v. Advance-Rumely Thresher Co., 178 N. W. 141. We reversed the trial court, and held that, when the trial court granted the order to show cause, it consented to consider defendant's application, and therefore should have determined it upon the merits. Thereafter the trial court considered such application, and denied the same. It is from the order denying such application that the present appeal is taken.

Among things that it was incumbent upon defendant through its officers to attend to was the perfecting of arrangements so that its witnesses would be present upon the trial of this cause. It appears that on April 28, counsel wrote to the above-mentioned officer, advising him that this cause would come on for trial at a term commencing May 13; that they were attempting to arrange for the trial of this cause on the first day of such term; and that they would advise him later as to their success in making such arrangement. On May 8 such officer wrote to counsel, calling attention to the fact that, according to the advice he had received, the cause would come on for trial about the middle of the month, and wanted to know if anything had transpired to give a more accurate date, and such officer stated that he wished such information so that he could make his plans accordingly and take care to have two certain witnesses "in at that time." We take it from the nature of defendant's business that by such phrase it was intended to advise counsel that these men were away from defendant's office in the discharge of their duty as field men, and that it would be necessary to call them in so that they might attend the trial. Such officer received no further advice from counsel until after the judgment had been taken. The officer's affidavit gives the names of four witnesses, other than himself, together with the substance of their testimony which is material to the issues, whom he says we "would have had there to testify for us." He also states that he "would have been there with all the witnesses if we had received notice from our attorney." It thus

appears that defendant relied upon and was waiting to receive further notice from the attorneys.

[1] Was the showing sufficient so that the negligence of defendant's counsel should not be imputed to defendant? We are all agreed that the answer to this question is the vital and only question before us.

Our colleague thinks that the affidavit of the branch manager of defendant was insufficient, in that it did not disclose the details as to the manager's ability to have himself and his witnesses present at the trial, and that the quoted parts of his affidavit are statements of conclusions or matters of opinion, rather than of ultimate facts. The term "conclusion" is relative. What might be a conclusion under some circumstances might not be under others. In 1 Standard Ency. of Procedure, p. 698, under the subject Affidavits of Merits and Defense, we find the following:

"Where an affidavit is required to set forth the facts, it must contain more than a statement of mere conclusions either of law or fact, or general averments of matters constituting mixed questions of law and fact. But in determining whether any particular averment is of that character, due regard must be had to all of the averments contained in the affidavit and to the further consideration that such affidavits are not required to be framed with the technical accuracy of formal pleadings, and should not therefore be subject to the same severe scrutiny. So, too, the ultimate fact, rather than the evidence by which it is established, may be stated, although it partakes somewhat of the nature of a conclusion."

In Coffee v. Haynes, 124 Cal 561, 57 Pac. 482, 71 Am. St. Rep. 99, it was held that the statement that a garnishee "has property of said judgment debtor" was not the statement of a conclusion. Under the rule contended for by our colleague, that would not have been a sufficient statement, but the affidavit should have set forth the facts so that the court might have determined for itself whether the garnishee did have property of the judgment debtor.

[2] It seems to us that the quoted parts of the affidavit constituted, for the purpose of the hearing, a statement of an ultimate fact, and that to hold otherwise would amount to the re-

finement of technicality. Surely the affidavit was sufficient as far as affiant as a witness was concerned. Just as surely the affidavit was sufficient as to the two field men above mentioned.

It seems to us that it was fairly shown that the defendant corporation itself was not chargeable with negligence, and that it should be given an opportunity to have this cause tried on its merits.

Section 2363, Rev. Code 1919, provides:

"In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties."

To be sure the affidavit in question is not a pleading, but that principle should in our opinion apply.

We therefore think that the order appealed from should be reversed, with costs to appellant, and the cause remanded, with directions to the trial court to set aside the judgment and defendant's default upon the payment by defendant to plaintiff of the sum of $100 terms.

WHITING, J. (dissenting.)   I am unable to concur in the views of my Associates. I concede, that, if the affidavit of defendant's officer had stated facts from which the trial court might reasonably have inferred that, in case affiant had been advised as to the time this action would be called for trial, he would have had the witnesses present for the trial, such affidavit would have entitled defendant to a new trial. But the affidavit stated what was clearly the mere opinion of affiant as to the material fact, and did not set forth anything upon which such opinion was based. It is perfectly apparent that, if affiant's opinion as to what he would have done is competent, it would be perfectly competent to meet such opinion with that of another affiant, who would swear that the first affiant would not have had such witnesses present, even though he had been advised of the date the cause would be reached. There might be facts known to each affiant justifying his conclusion, or one or both of such affiants might have sworn absolutely falsely as regards what he believed would have happened. In either case the court would be without any key to the truth. Upon the other hand, if an affiant sets forth the facts that give rise to the opinion, then the court can draw inferences therefrom and reach a conclusion based on al-

leged acts. It is the well-settled rule of law—and I know of no authority to the contrary—that:

"The statement in an affidavit of mere matters of opinion * * * is not sufficient. The facts * * * should be set forth so that the court may draw its own inferences." 2 C. J 350.

It might well be said of this affidavit, as of that in Todd v. City of Crete, 79 Neb. 677, 115 N. W. 307:

"It stated no facts from which the court could say whether the judgment of the witness was properly exercised."

—or, as was said of the affidavit in Forbes v. Hyde, 31 Cal. 342:

"It is not the statement of a fact at all. It is merely the statement of the opinion of the witness in relation to a point upon which the judge is required to form his own opinion upon facts which must appear by affidavit. * * * The affiant's general expression of opinion or belief, without the facts upon which it is founded, is in no sense legal evidence, and does not tend in any degree to prove the jurisdictional facts without which the judge has no authority to make the order."

This court virtually passed upon this question in Grigsby v. Wopschall, 25 S. D. 564, 127 N. W. 605, 37 L. R. A. (N. S.) 206.

Furthermore this affidavit, because it contains the mere opinion of affiant as to the material fact, fails to meet the one universal test applicable to all affidavits. As stated in 1 R. C. L. 771:

"The true test of the sufficiency of an affidavit is whether it has been drawn in such a manner that perjury could be charged thereon, if any material allegation therein is false." 2 C. J. 348.

The impossibility of successfully basing a charge of perjury upon the alleged falsity of a statement of an accused as to what he would have been able to accomplish in the future is perfectly apparent—there could be no perjury established unless it could be proven that affiant knew, at the time of making the affidavit, that he could not have accomplished what he swore he would have accomplished. No such difficulty would confront one if the accused had made a false statement regarding some fact or facts upon which such opinion was alleged to be based.