This is an appeal from an order denying a motion to vacate a default judgment. The action is one to recover damages for personal injuries alleged to have been caused by the negligence of the defendant Patzer in the operation of his automobile in which the plaintiff was riding as a guest. Patzer held a policy of *Page 445 
insurance with the Indemnity Insurance Company of North America protecting him against loss in the circumstances set forth in the complaint. Pursuant to the stipulations of the policy he notified the insurance company of the alleged accident and of the action brought against him and required it to retain counsel and defend the action. The insurance company thereupon retained the firm of Divet, Shure, Murphy Thorp of Fargo, North Dakota and they duly interposed an answer in behalf of the defendant. The answer denied the allegations of the complaint and alleged that at the time of the accident the plaintiff was not a passenger or gratuitous guest of the defendant but that plaintiff and defendant and others in the automobile were engaged in a common and joint enterprise, namely, that of gathering berries. The plaintiff interposed a reply denying the new matter set forth in the answer. There was some correspondence between the parties looking toward an arrangement for a physical examination of the plaintiff before trial. The action was commenced January 9, 1928. Answer was served February 3, 1928 and reply was served on February 6, 1928. The case was duly noticed for trial at the February term of the district court of Stark county, which convened February 1, 1928. On the opening day the cause was placed on the peremptory calendar for trial for a day certain, to-wit: February 25, 1928. Defendant's counsel resides at Fargo. They were not informed that the case was set for trial for a day certain or placed upon the peremptory call. On February 25, 1928, plaintiff appeared with her counsel and the cause was continued until February 27th. The defendant, Patzer, was advised of such continuance by plaintiff's counsel on February 25th, but made no effort to ascertain what counsel has been retained to represent him in the litigation or to advise such counsel of the situation. On February 27th the plaintiff and her counsel appeared, also the defendant, Patzer; a jury was impanelled and sworn to try the case; evidence was introduced by the plaintiff and her witnesses and the defendant, Patzer, was also called for cross-examination as an adverse party, and was interrogated by plaintiff's counsel. The cause was submitted and verdict returned on the same day. On February 28th defendant's counsel was informed by a lawyer residing in Dickinson of the proceedings which had been had in the case. A motion was *Page 446 
made to vacate the judgment. The motion was denied and the defendant has appealed.
The application to vacate the judgment is based upon an affidavit of merits by one of the attorneys who appeared and interposed an answer for the defendant and upon another affidavit by the same attorney setting forth the following facts relating to the alleged surprise, inadvertence or excusable neglect on the part of the defendant:
"That the said defendant, L.E. Patzer, carried and had a policy of insurance with the Indemnity Insurance Company of North America, a corporation, with its principal office and place of business at Philadelphia, Pennsylvania, and engaged in the business of writing among other things, insurance against damages by reason of automobile accidents which said policy was No. CA 226261; that immediately after the accident set forth in the complaint the said defendant L.E. Patzer, pursuant to the terms of said policy caused to be sent to and served upon the Indemnity Insurance Company of North America a notice of the said accident, giving what purported to be a full and complete description and detail thereof and under and by virtue of the terms of said policy requiring the said Indemnity Insurance Company of North America to come in and defend said action, to hire and retain counsel for said purpose and to do any and all things necessary in and about the preparation, defense and trial of said cause and that thereupon and pursuant to said notice and under and by virtue of the terms of said policy the said Indemnity Insurance Company of North America retained and employed the firm of Divet, Shure, Murphy Thorp of Fargo, North Dakota, as attorneys for said defendant for the purpose of defending said action, interposing answers thereto and for the purpose of trying the same and that the said defendant made a full and complete statement of all the facts in connection with the said accident, submitted the same to the said Indemnity Insurance Company of North America, who in turn submitted the same to its said attorneys and from such statement of facts, together with similar statements made by the plaintiff the said Indemnity Insurance Company of North America was fully advised that the defendant had a good and sufficient defense to said cause of action upon the merits and that thereupon and pursuant to the said retainer the said attorneys, on the 18th day of January, 1928, duly advised the attorneys for the *Page 447 
plaintiff that they were retained in said action and requesting that an opportunity be granted to said defendant to make a physical examination of plaintiff for the purpose of ascertaining the nature and extent of the injuries of the said plaintiff, if any; that in due course this affiant, as one of the attorneys for said defendant, caused to be served upon the said plaintiff a duly verified answer, acknowledgment of the receipt and service thereof was made by the attorneys for the plaintiff as of the 3rd day of February, 1928, and that on or about the 6th day of February, 1928, the said attorneys for the plaintiff caused to be served upon the defendant's attorneys a purported reply thereto and thereupon served on said date the notice of trial in said action for the February 1928 term of said court, commencing on the 21st day of February, 1928, together with a notice of issue setting forth in said note of issue that the last pleading was served herein on the 3rd day of February, 1928, whereas, as a matter of fact, the last pleading in said cause was not served until the 6th day of February, 1928, to-wit, the reply aforementioned, and was served at the same time said notice of trial was served.
"That affiant's firm had correspondence with the said attorneys for the plaintiff with reference to the physical examinations and by the said answers advised the said attorneys for the said plaintiff that they intended to make such physical examination; that the original of said answer is hereto attached and made a part thereof.
"That affiant was informed on the 28th day of February, 1928, that the said cause was set down for trial on the peremptory calendar of the said district court for the 25th day of February, 1928, and that at said time the plaintiff, together with her attorneys and the defendant personally appeared; that no appearance was made by affiant or his said firm; affiant further states that neither he nor any member of his said firm was ever advised by any person at any time that said cause had been set down on the peremptory calendar of said district court or that the same would be called for trial on the 25th day of February, 1928, or at any other time and had no knowledge thereof.
"Affiant is further advised that the trial of said cause was thereupon postponed until Monday, the 27th day of February, 1928, and affiant further states that between the said 25th day of February, and the said 27th day of February, 1928, neither this affiant nor any member of his *Page 448 
said firm nor anyone connected with said firm was in any manner advised or informed that the said cause was set down for trial and would be called for trial on said 27th day of February, 1928; that the defendant himself, as affiant is informed, was personally present and wholly failed and neglected to advise this affiant or any member of his said firm that said cause was set down for trial at said time.
"Affiant is further advised that thereupon and on the said 27th day of February, 1928, despite the failure to notify counsel for the defendant a judgment was entered in said action in favor of the plaintiff and against the defendant, which said judgment is now a matter of record in the office of the clerk of the district court aforesaid and that counsel were not given any notice whatsoever thereof or any notice to appear and make defense to said cause; affiant is further informed and believes from the written statements in his possession that the said defendant is personally friendly to the plaintiff and unfriendly to the said Indemnity Insurance Company of North America and that because of such friendly relations the said defendant purposely refrained from advising counsel that said cause was set down for trial and with the purpose and intent of having entered therein a judgment which would be binding upon and conclusive as to said Indemnity Insurance Company of North America. . . .
"That the said defendant, L.E. Patzer, is in truth and in fact, merely the nominal defendant in said action and that the real party in interest by reason of said policy of insurance is the Indemnity Insurance Company of North America, and that said Indemnity Insurance Company of North America was not given an opportunity to be present and defend at the trial of said action as hereinbefore indicated and that the failure of said Indemnity Insurance Company of North America and said counsel retained by it was due to mistake, inadvertence, surprise, and excusable neglect on their part and upon the failure of the clerk of said court to advise the said counsel of record that said cause was set down for trial during said term and at any particular date thereof and that if said judgment is permitted to stand the said Indemnity Insurance Company of North America will be in all things fully concluded thereby upon the merits."
The affidavit further states that the defendant has a good and *Page 449 
meritorious defense in the action and makes reference to the answer in the case.
In opposition to the application to vacate the judgment and the affidavit submitted in support thereof, there was submitted on behalf of the plaintiff an affidavit of one of plaintiff's attorneys. This affidavit set forth that the firm of attorneys of which affiant was a member was retained in the fall of 1927 to bring action against the defendant and that such action was instituted.
"That thereafter and on or about the 11th day of January, 1928, the affiant had a conversation with a Mr. McKenna, representing the Indemnity Insurance Company of North America; that in said conversation the said Mr. McKenna stated he had the summons and complaint in said action which he obtained from the defendant, L.E. Patzer, and that if a settlement was not effected within a few days he was going to deliver the same to attorneys to be selected by the Insurance Company in said action, and requested affiant to submit the lowest sum plaintiff would accept as full settlement in said action; that on or about the 13th day of January, 1928, the plaintiff, through her attorneys, informed the said McKenna the amount plaintiff would accept as settlement; that nothing further was heard from the said McKenna or any one else relative to the issues in said action until the 19th day of January 1928 on which date plaintiff's attorneys received a communication from Divet, Shure, Murphy Thorp stating they had been retained in said action and requested permission of plaintiff's attorneys to have doctors selected by defendant examine the plaintiff at Bismarck, North Dakota, and that affiant informed defendant's attorneys on or about the 21st day of January, 1928, by letter that it would be impossible for plaintiff to go to Bismarck for an examination as she was confined to her bed and had been since the injury, but that arrangements could be made to have doctors representing defendant examine the plaintiff at Dickinson; that nothing further was done regarding said medical examination; that on or about the 3rd day of February, 1928, plaintiff's attorneys received an answer from Divet, Shure, Murphy Thorp, and that on said date plaintiff prepared a Reply also Notice of Trial in said action and forwarded said Reply and Notice of Trial to defendant's attorneys at Fargo, North Dakota; that said Notice of Trial and Reply were returned to plaintiff's attorneys *Page 450 
on or about the 7th day of February, 1928, with admission of service thereon by defendant's attorneys; that thereafter and within the time provided by statute plaintiff filed the original summons, complaint, answer, reply, notice of trial and note of issue and said action was placed on the calendar for trial at the regular February 1928 term of the above court, which term opened on the 21st day of February, 1928; that at the opening of said term and upon the calling of the calendar for the purpose of setting cases for trial, the court set as the first case that of Stark County v. City of Dickinson, the same being case No. 22 on the calendar; that following No. 22 the court set case No. 30 for trial, and on February 24th, cases Nos. 32, 33 and 34, the same being Galloway v. Patzer, Mrs. A.C. Galloway v. Patzer and Celia Paul v. Patzer, to follow case No. 30; that case No. 22 occupied the court on the 23rd and 24th days of February 1928; that on the morning of February 25th the court called for trial case No. 30 and after a short consultation between the attorneys case No. 30 was settled.
"That the court then requested information as to cases 32, 33 and 34 and plaintiff's attorneys at said time informed the court that their witnesses in these cases were not present; that the defendant was not present and that defendant's attorneys were not present, but very likely would be present in court Monday, February 27th and court thereupon adjourned until 10 A.M. on February 27th; that after leaving the court room, and on the way to his office, affiant met L.E. Patzer, defendant, and informed defendant that the above entitled action would be for trial Monday morning at 10 A.M.; that in conversation with defendant prior to the filing of an answer by defendant, defendant informed affiant that the summons and complaint in the above entitled action had been taken from him by one McKenna, a representative of the Indemnity Insurance Company, who stated to defendant that he would have nothing further to do with said papers; that the Insurance Company would secure attorneys, prepare an answer and try said action; that the defendant was now out of it as the amount claimed came within the terms, provisions and conditions of his policy, and affiant states upon information and belief that he did not know who his attorneys were or who filed an answer in said action due to the statements and representations made to him by the representative of the *Page 451 
Indemnity Insurance Company; that on the morning of February 27, 1928, plaintiff appeared in court, together with her attorneys, Crawford, Cain Burnett; that the defendant was also present in court; that the court called case No. 32 for trial, whereupon plaintiff moved that case No. 33 be tried first; that the court then inquired if the attorneys for the defendant were present in court; that no one answered for said attorneys; that the court then inquired if L.E. Patzer, the defendant was present in court and the defendant answered he was present and the court thereupon ordered that a jury be impanelled for the trial of said action; that a jury was duly impanelled and sworn and witnesses were examined in behalf of the plaintiff, and one of whom was the defendant called for cross examination under the statute who testified among other things, that on the date set forth in the complaint he invited the plaintiff to become a guest or passenger in his automobile for the purpose of taking a trip with him and others who were in said automobile."
The affidavit thereupon sets forth that the case was submitted to the jury and a verdict returned in favor of the plaintiff. The affidavit further states:
"That there was no collusion of any nature whatsoever between the plaintiff and defendant in this action that the plaintiff did not join the Indemnity Insurance Company of North America as a party defendant; that the real party to said action is L.E. Patzer, and the said L.E. Patzer was present in court and participated in the trial of said action; that his attorneys had full notice and knowledge of the convening of court on February 21, 1928, that such knowledge was derived from the notice of trial and letters written to defendant's attorneys by plaintiff's attorneys; that the plaintiff in no manner deceived or attempted to deceive the defendant or his attorneys as to the time of the trial of said action nor did plaintiff or plaintiff's attorneys attempt to or did they take any undue advantage of the defendant or defendant's attorneys in the serving of the notice of trial or the trial of said action."
The motion to vacate the judgment came on for hearing, during the term, pursuant to an order to show cause, on March 27, 1928. The trial court, after full hearing and consideration, made an order denying *Page 452 
the motion. With such order the court filed the following memorandum opinion:
"The affidavit in support of the motion recites that `Neither this affiant nor any member of his said firm nor anyone connected with said firm was in any manner advised or informed that the said cause was set down for trial on said 27th day of February, 1928; that the defendant himself, as affiant is informed, was personally present and wholly failed and neglected to advise this affiant or any member of his firm that said cause was set down for trial at said time.' The affidavit also alleges the defendant is friendly to the plaintiff and not friendly to the Indemnity Insurance Company, the client of counsel who represents the defendant and which company is not a party, to this action.
"The statute, § 7483 Comp. Laws, provides for relief to a party to the action, although it has been held that no one in the position of the insurance company has the right to make application for relief in the place of the party to the action. Conceding that the insurance company would have that right, it will be noted from the papers in this case that neither mistake, inadvertence, surprise or excusable neglect as contemplated by the statute has been shown, for it is conceded that the case was at issue, duly noticed for trial, regularly on the calendar, and when called for trial defendant himself was present in court, but his counsel not being present, the court reset the cases for trial, commencing Monday, February 27th, and this was done primarily to give defendant time to have his counsel present.
"With reference to the allegation that defendant is friendly to the plaintiff and not friendly to the Indemnity Insurance Company, in view of the affidavits of both Mr. Murphy and Mr. Cain and the files and records in the case, the court is unable to say that the defendant Patzer was in collusion in any manner with the plaintiffs in the cases, and upon all the files and records in the cases and the motions made, including the affidavits aforesaid, the motion to set aside the judgments in these cases and to grant new trials therein must be denied."
We are agreed with the trial court that there is no evidence justifying a finding of fraud or other wrongful conduct on the part of the plaintiff or her attorneys, or of any collusion between the plaintiff and the defendant. So far as the record shows the defendant was never informed by the insurance company of any steps it had taken in the *Page 453 
action. Apparently the insurance company did not even inform him of the names of the attorneys that had been retained to represent the defendant in the case. There is no showing and no claim that the defendant was given any information whatsoever from the insurance company or any one employed or retained by it as regards the case or the time when the same would be brought to trial. There is no claim that the insurance company or anyone representing it placed any reliance whatsoever upon the defendant. Apparently he had been led to believe that he no longer had any actual interest in the matter at all, or any concern with it; but that the insurance company was wholly in charge of the entire matter. Defendant made no affidavit and his testimony was not taken upon the application to vacate. Appellant's counsel concedes that the application was addressed to the trial court's discretion "and is to be treated as one of favor rather than one of right;" but they argue that under the rule announced in Citizens' Nat. Bank v. Branden, 19 N.D. 489, 27 L.R.A.(N.S.) 858, 126 N.W. 102; and Westbrooke v. Rice, 28 N.D. 324, 148 N.W. 827, this court "should inquire whether in the interests of justice a trial upon the merits should be permitted." The question whether the ends of justice require that the judgment be vacated and another trial upon the merits be had was the primary question presented to the trial court; and it is incumbent upon this court to explore the record to ascertain whether the trial court, in deciding as it did, abused the judicial discretion with which it is vested in determining applications of this kind. A careful consideration of the record leads us to the conclusion that there was no abuse of discretion. The facts in this case readily distinguish it from Citizens' Nat. Bank v. Branden, and Westbrooke v. Rice, supra.
In Bank v. Branden, the defendant was wholly without fault. The default in the case was occasioned through what this court found to be the excusable neglect of his attorney; and there being no fault on part of defendant it was held that such excusable neglect of counsel constituted surprise on the part of the defendant.
In Westbrooke v. Rice, this court held that owing to the peculiar circumstances of the case (among others, a well founded belief on such attorneys that the case would not be reached for trial as quickly as it was, in fact, reached), — the failure of defendant's attorneys to attend the trial was excusable neglect. In the latter case the motion *Page 454 
to vacate the judgment was presented to and heard by a judge other than the one who tried the case, that is, by a judge who knew nothing of the facts and circumstances except those disclosed by the motion papers and this court held that, consequently, the weight usually given to the determination of the trial court in applications of this kind did not apply. In this case it cannot be said (as in Citizens' Nat. Bank v. Branden) that the party seeking relief from the judgment was free from all fault. There is no claim that the insurance company informed the defendant of any steps taken in the case or that there was even a suggestion to the trial court that anyone other than the parties named in the title of the action were interested in the result thereof. The application to vacate the judgment here was presented to the same judge who tried the case; he gave full and careful consideration to the application and after due deliberation he reached the conclusion that the ends of justice will be best subserved by denying the application.
Upon the record in this case the elementary rule that applications to vacate a default judgment on the ground of surprise, inadvertence or excusable neglect is addressed to the sound judicial discretion of the trial court on the particular facts existing in the case, and that its rulings will not be disturbed on appeal unless an abuse of discretion is shown, applies with full force. We are all agreed that upon the record here it cannot be said that the trial court abused its judicial discretion in ruling as it did. The order appealed from is affirmed.
BURKE, Ch. J., and BIRDZELL, BURR, and NUESSLE, JJ., concur. *Page 455