SMITH, Superintendent of Banks, Appellant, v. WORDEMAN, et al, Respondents.

(240 N. W. 325.)

(File No. 7250. Opinion filed January 25, 1932.)

*Flagg P. Carlisle,* of Kadoka, for Appellant.
*W. J. Hooper,* of Gregory, for Respondents.

CAMPBELL, P. J. Plaintiff was granted a default judgment against defendants in the court below. Thereafter, on application of defendants, the trial court made an order vacating the default judgment with leave to appear and answer, from which order plaintiff has appealed.

The fact showing of respondents in support of their motion below, stated most favorably to them, may be thus summarized: Being served with the summons and complaint, they took the same to their attorney. They discussed the facts with him, were told they had a good defense, auhorized him to interpose an answer, and he said he would do so. Respondents again consulted their atttorney some two weeks later (when there was still time to answer), and he told them the answer was only partially drawn but he would complete it immediately and serve it himself. He never did so. In June, 1930, respondents discovered that default judgment had been taken against them in November, 1929. They returned to the same attorney whose negligence had made the default

possible, and he blandly informed them that he had forgotten all
about serving the answer but that he would immediately take steps
to have the judgment vacated and secure leave to answer. The
affidavit of this attorney offers no justification or excuse whatever
for his neglect, but simply recites, "For some reason or through
some neglect I failed to file this answer as I had agreed to do."
The attorney who had thus neglected to answer was equally and
inexcusably negligent with reference to moving to vacate the de-
fault judgment. He did nothing whatever. In January, 1931, re-
spondents, appearing by their present counsel (and in fairness we
desire to emphasize what is doubtless already inferentially clear,
that he is not the attorney whom they had previously consulted),
made application to vacate the default judgment, which application
resulted in the order appealed from. What respondents themselves
were doing with reference to the case between June, 1930, and
January, 1931, they do not say. They do not claim to have given
the matter any attention whatever during that six-month interval,
and certainly the previous conduct of their first attorney was ample
to demonstrate to them that they could not rely upon him to take
care of it, and could put no faith whatever in his promise of June,
1930, that he would take steps to open the default.

▋ Section 2378, R. C. 1919, provides, inter alia, that a party
may be relieved from a judgment taken against him "through his
mistake, inadvertence, surprise or excusable neglect." The granting
of such relief in proper case rests to a very considerable extent
in the discretion of the court to whom the application is addressed.
Nevertheless it must not be overlooked that under the statute,
before such relief can be granted upon the ground of negligence,
the negligence must be, in a proper sense of the word, excusable.
Otherwise there is nothing upon which the discretion of the court
can operate. Kinkhead v. Moriarty, 29 S. D. 202, 136 N. W. 101.

▋▋ It is the clear weight of authority that the negligence
of an attorney is imputable to his client, and that the client cannot
be relieved from a judgment taken against him because of the
neglect of his attorney unless he shows that the neglect of the attor-
ney was excusable, or, in the alternative, assumes the burden of
clear affirmative proof that he himself (the client) was in no man-
ner negligent. See 34 C. J. 307; 15 R. C. L. 711; note 27 L. R.
A. (N. S.) 858; Armstrong v. Hartford Fire Ins. Co., 33 Idaho

303, 195 P. 301; Kelley v. Eidam, 32 Wyo. 271, 231 P 678. The majority rule as thus stated was adopted by this court after careful consideration in the course of three opinions in the same case. See Olson v. Advance Rumely Thresher Co., 42 S. D. 332, 175 N. W. 192; Id., 43 S. D. 90, 178 N. W. 141; Id., 43 S. D. 518, 180 N. W. 961. In Johnson v. German, 44 S. D. 407, 184 N. W. 232, this court held that the negligence of counsel in failing to interpose an answer was excusable negligence under the circumstances of the case. In Foshay Co. v. Springfield Light & Power Co., 49 S. D. 92, 206 N. W. 239, this court appears to have quoted with approval certain language from the North Dakota case of Citizens' Nat. Bank v. Branden, 19 N. D. 489, 126 N. W. 102, 27 L. R. A. (N. S.) 858, from which it might be inferred that negligence on the part of an attorney of good reputation, whether excusable or not, constituted a "surprise" to the client sufficient, without more, to entitle the client to relief from a default occasioned by such negligence. In taking this position in the Foshay Case we think we erred in so far as it conflicts with the rule previously established by this court in the Olson v. Advance Rumely Cases above cited. To the extent that the North Dakota case quoted by this court in the Foshay Case purports to hold that the mere fact of negligence constitutes per se a "surprise" which will relieve the client regardless of circumstances, it is distinctly opposd to the weight of authority. See note 27 L. R. A. (N. S.) 858. It is to be observed that the North Dakota court itself has subsequently distinguished the Citizens' Nat. Bank v. Branden Case, and has pointed out and emphasized that in that case the client was wholly without fault and free from negligence, and further that the negligence of the attorney was, under the facts and circumstances, an excusable negligence. See Galloway v. Patzer, 58 N. D. 443, 226 N. W. 491. We think therefore that we should now reiterate the view announced in the previous decisions of this court in the Advance Rumely Cases that, as a general rule, negligence of the attorney is imputable to his client and will bar relief unless it be shown that the negligence of the attorney was an excusable negligence or unless it be clearly and affirmatively shown that the client himself was free from all negligence.

Applying that rule to the facts of the instant case, there is not even an attempt to excuse the negligence of the attorney and it

affirmatively appears that respondents themselves were extremely negligent.

In addition, respondents failed to move promptly for relief after learning of the default. From June, 1930, to January, 1931, respondents, so far as the record shows, did not move in the matter at all excepting to have one conversation in June with their original attorney of whose entire unreliability respondents were already fully aware. The laches of respondents after learning of the default judgment, apparent from their own showing, is sufficient to bar them from relief. McAndrews v. Sec. State Bank, 25 S. D. 590, 127 N. W. 536; T. W. Child & Co. v. Fuller & Johnson Man. Co., 32 S. D. 10, 141 N. W. 988; Des Moines, etc., Association v. Clute, 35 S. D. 154, 151 N. W. 281; Connelly v. Franklin, 50 S. D. 512, 210 N. W. 735.

Realizing the broad discretion intrusted to trial courts in acting upon applications for relief of this kind, and appreciating that the court is hesitant to reverse orders granting such relief, we are nevertheless of the opinion that in the instant case respondents made no showing sufficient to invoke the discretion of the trial court, or to justify or permit the exercise of such discretion in their behalf.

The order appealed from must therefore be reversed.

POLLEY, ROBERTS, WARREN, and RUDOLPH, JJ., concur.