ROSE, Appellant, v. BABINGTON, Respondent.

(263 N. W. 557.)

(File No. 7836. Opinion filed November 29, 1935.)

*Williams & Sweet,* of Rapid City, for Appellant.
*Joseph Coursey,* of Rapid City, for Respondent.

RUDOLPH, J.   Plaintiff brought this action against the defendant to recover certain rentals alleged to be due and owing. The complaint, among other things, alleges the execution of the lease whereby plaintiff leased to the defendant certain premises in Rapid City, the occupancy of the premises by the defendant, and the failure of the defendant to pay the rent according to the terms of the said lease for a certain period covered by the lease and asks for judgment against defendant.   To this complaint of plaintiff an answer in the form of a general denial was served and filed, which answer was signed by an attorney appearing for the defendant and verified by defendant.   Thereafter, the attorneys appearing for the parties stipulated that the case might be heard at a certain time, and at the time stipulated the case was heard by the court; the defendant making no appearance.   The court thereafter on the 21st day of September, 1934, entered judgment against the defendant.   On November 23, 1934, an execution upon the said judgment was issued by the clerk of courts of Pennington county.   The sheriff made his return to the execution, which return disclosed that on the 8th day of November, 1934, he took into his possession $294.75 belonging to defendant, and that therefrom he paid the plaintiff the amount of the judgment, paid the costs, and refunded the balance to the defendant.   On February 13, 1935, there was issued by the trial court an order to show cause directing the plaintiff to show cause before the court on a certain day why the judgment entered in his favor and against the defendant should not be vacatted and set aside.   This order was based upon the affidavit of the defendant and the affidavit of the attorney appearing for defendant.   These affidavits, in substance, set forth a state of facts, as follows:  That immediately upon defendant being served with a summons and complaint in the action, he took the same to his attorney who inquired of the defendant if the facts alleged in the complaint were true; that the defendant informed the attorney

that the said facts were true; that the attorney thereupon advised defendant that he was liable for the amount claimed by the plaintiff, and that there would be no purpose in incurring any further expense, but that he would file the general denial on behalf of the defendant; that thereafter the attorney for defendant signed the stipulation permitting the case to be heard without intending to "appear in the case as he assumed from the reading of the complaint and the statements of the defendant that he had broken his contract and was liable for the amount claimed"; that at the time the execution was issued the defendant further consulted his attorney and thereafter a replevin action was commenced to recover the money seized by the sheriff; that it was not until on or about February 6, 1935, the "attorney had a full discussion of the above entitled action with the defendant, George Babington, and for the first time fully understood the facts"; that the attorney now believes that there is no liability on behalf of the defendant to exceed the sum of $20, for the reason that the defendant has now told him that some months prior to the time the defendant defaulted in the payment of rent, the plaintiff and the defendant had agreed that the amount of rent called for under the terms of the lease should be reduced, and that the reduced amount had been paid by the defendant to the plaintiff for a period of several months prior to the time the default occurred. The sheriff filed an affidavit wherein he stated that the return made by him upon the execution was not, in fact, true, and that he still held the money he had taken under the execution, and had never applied the money to the satisfaction of the judgment. Based upon these affidavits and a proposed answer setting forth the modification of the original agreement as claimed by defendant in his affidavit, the trial court entered an order setting aside the judgment. This is an appeal from the order thus entered.

■ The statute, section 2378, Rev. Code 1919, in so far as material to this case, provides that a party may be relieved from a judgment "taken against him through his mistake, inadvertence, surprise or excusable neglect." It appears in this case that to justify the order the court must have found excusable neglect within the meaning of the statute, for obviously there was no mistake, inadvertence, or surprise. The neglect, as shown by the affidavits, consisted of the defendant's failure to disclose to his

attorney the alleged modification of the original lease, and the failure of the attorney to have a "full discussion" of the facts with the defendant, and through such discussion discover the true situation as it is now claimed to exist. Under the terms of the statute our inquiry must now be directed to the question of whether the court abused its discretion in finding that the neglect was excusable. As stated in the case of Smith v. Wordeman, 59 S. D. 368, 240 N. W. 325, 326: "The granting of such relief in proper case rests to a very considerable extent in the discretion of the court to whom the application is addressed. Nevertheless it must not be overlooked that under the statute, before such relief can be granted upon the ground of negligence, the negligence must be, in a proper sense of the word, excusable. Otherwise there is nothing upon which the discretion of the court can operate."

In reading the affidavits we find no attempt to excuse the neglect of the defendant in not fully stating his case to his lawyer. Had the defendant read the complaint he would have discovered that in paragraph 4 thereof the plaintiff alleges that on or about the 1st day of August, 1933, the rent provided for in the contract and lease was reduced until such time "as the plaintiff considered conditions warranted" the rent to be restored to the amount provided in the agreement, and that the plaintiff did on or about April 24, 1934, notify the defendant that commencing on May 1, 1934, the rent would be in the amount provided in the agreement. Had defendant read this paragraph 4 of the complaint, there would seem to be no excuse for him not telling his attorney that the agreement for the reduction in rent was not subject to be set aside, when, as alleged in the complaint, "the plaintiff considered that conditions warranted the same." Defendant's only alleged defense at this time is that the amount of the rent called for in the agreement was reduced by an agreement of the parties, and that the reduction was to continue during the life of the lease. The complaint is bottomed upon the alleged fact that the agreement for the reduction in rent was to be only temporary, and, this being true, it appears to us that it was inexcusable, in so far as the defendant was concerned, had he read the complaint, to fail to call to the attention of his lawyer the fact that that allegation in the complaint was not in accord with the facts, but that the reduction in rent was to continue during the life of the lease.

The affidavits disclose that the defendant not only failed to inform his attorney that the facts alleged in the complaint were not the true facts, but that he affirmatively "informed said attorney that said facts were true." As stated above, the neglect is apparent. However, there is an entire absence of any reasonable excuse for the neglect. The facts as now claimed were as well known to the defendant at the time the complaint was served as they were on February 6, 1935, more than five months after the service of the complaint and almost four months after the entry of judgment. From the affidavits it appears that the defendant is a man who is engaged in business in Rapid City. Just why he failed to inform his attorney of the true facts, as he now claims them to be, and on the other hand told the attorney that the facts alleged in the complaint were true when he now claims they were not, does not appear in the affidavits. However, without such showing the defendant has failed to comply with the terms of the statute which requires that he show his neglect was excusable.

The order appealed from is reversed.

All the Judges concur.